1  MICHAEL JAY BERGER (State Bar # 100291)
   LAW OFFICES OF MICHAEL JAY BERGER
2  9454 Wilshire Blvd. 6th Floor
   Beverly Hills, CA 90212-2929
3  Telephone:    (310) 271-6223
   Facsimile:    (310) 271-9805
4  E-mail:        michael.berger@bankruptcypower.com
5
6  *Proposed* Counsel for Debtor and Debtor-in-Possession,
   Law Offices of Brian D. Witzer, Inc.
7
8              UNITED STATES BANKRUPTCY COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10                 LOS ANGELES DIVISION
11

| | |
|---|---|
| 12  In re: | CASE NO.: 2:21-bk-12517-NB |
| 13 | Chapter 11 |
| 14  LAW OFFICES OF BRIAN D. WITZER, INC., | **DEBTOR LAW OFFICES OF BRIAN D. WITZER, INC.'S EMERGENCY MOTION FOR ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRIAN D. WITZER IN SUPPORT THEREOF** |
| 15 | |
| 16          Debtor and Debtor-in-Possession. | |
| 17 | |
| 18 | **[LBR 2081-1 and LBR 9075]** |
| 19 | |
| 20 | Hearing Scheduled For: |
| 21 | Date:    March 31, 2021 |
| 22 | Time:    2:00 p.m. |
|  | Place:   Via ZoomGov |
| 23 | |
| 24 | |
| 25 | |

26      **TO THE HONORABLE NEIL W. BASON, JUDGE OF THE UNITED**
27  **STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA,**
28  **THE OFFICE OF THE UNITED STATES TRUSTEE, TO THE SECURED**

**CREDITORS, TO THE TWENTY LARGEST UNSECURED CREDITORS, AND
TO ALL OTHER INTERESTED PARTIES AND THEIR COUNSEL OF
RECORD:**

The Law Offices of Brian D. Witzer, Inc., the Debtor and Debtor-in-Possession ("Firm" or "Debtor") moves this Court for an order authorizing it to use the cash collateral of its secured creditors, the United States Small Business Administration ("SBA"), and Pravati Credit Fund III LP ("Pravati", collectively with SBA known as the "Secured Creditors").[1] A true and correct copy of the UCC Search Results for Law Offices of Brian D. Witzer from the California Secretary of State is attached hereto as **Exhibit-3**.

In order to effectively reorganize, Debtor must be able to use the cash collateral of its Secured Creditors in order to pay the reasonable expenses it incurs during the ordinary course of its business.  The Debtor requests authority to approve interim use of cash collateral, as set forth in the attached cash collateral budget, incorporated herein as **Exhibit-1,** to pay the necessary payroll and payroll taxes, insurance, wages, utilities, and other necessary business expenses listed in the attached budget to continue the operation of the law practice without any interruption.  Use of the cash collateral as proposed by the Debtor will allow the Debtor to continue doing business, preserve the Debtor's assets for the benefit of the estate and the creditors, specifically the Secured Creditor.   The Debtor has a reasonable prospect of reorganizing through chapter 11. The continued use of cash collateral to ensure no interruption of Debtor's business will further allow Debtor to emerge as a reorganized Debtor.

This motion is made on the basis of the Declaration of Brian D. Witzer, the within Points and Authorities, and on such other evidence as the Court elects to consider prior to or at the hearing on this matter.

---

[1] The information for secured creditors was obtained by conducting a UCC Search on the California Secretary of State website at: https://bizfileonline.sos.ca.gov/search/ucc.

DEBTOR LAW OFFICES OF BRIAN D. WITZER, INC.'S EMERGENCY MOTION FOR ORDER
AUTHORIZING INTERIM USE OF CASH COLLATERAL; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION OF BRIAN D. WITZER IN SUPPORT THEREOF

1       WHEREFORE, Debtor asks that this Court authorize interim use of Secured

2 Creditors' cash collateral, as set forth herein, and for any other relief deemed necessary

3 and proper.

4

5                             LAW OFFICES OF MICHAEL JAY BERGER

6

7 Dated:  3/30/2021         By:

8                           Michael Jay Berger

9                           *Proposed* Counsel for Debtor and Debtor-in-
Possession, Law Offices of Brian D. Witzer, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEBTOR LAW OFFICES OF BRIAN D. WITZER, INC.'S EMERGENCY MOTION FOR ORDER
AUTHORIZING INTERIM USE OF CASH COLLATERAL; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION OF BRIAN D. WITZER IN SUPPORT THEREOF

## MEMORDANDUM OF POINTS AND AUTHORITIES

## I.    STATEMENT OF FACTS

### A. General Description of the Debtor

The Law Offices of Brian D. Witzer was started in 1989 after Mr. Witzer concluded 12 years in both the public and private litigation sector. *See* the Declaration of Brian Witzer (the "Witzer Decl."), ¶ 4. The Firm is known for groundbreaking work in multi-party pharmaceutical litigation, toxic mold exposure, traumatic brain injury cases arising from a myriad of precipitating causes, sexual assault matters, and complex catastrophic injury cases. *Id.* Since the Firm's inception, Mr. Witzer has brought over 100+ cases to trial winning over one billion dollars in gross settlements. *Id.*

### B. Events Precipitating the Chapter 11 Bankruptcy Filing

The event that precipitated the filing of Debtor's Chapter 11 bankruptcy case was the Order Denying Debtor's Motion to Vacate the Judgment entered in favor of Pravati Credit Fund III LP ("Pravati"). *See* the Witzer Decl., ¶ 5.

On November 22, 2019, Pravati filed an action against Debtor and its principal Brain D. Witzer in the Superior Court of California, County of Los Angeles, Case Number 19SMCV02046 for their alleged breaches of nonrecourse advance agreement ("Agreement") to fund Debtor's litigation activities (the "State Court Action"). *See* the Witzer Decl., ¶ 6. Prior to commencing the State Court Action, the parties had arbitrated the matter in Arizona, per the terms of the Agreement's arbitration clause. *See* the Witzer Decl., ¶ 7. The arbitrator panel found in Pravati's favor, finding that Pravati was entitled to recover $7,981,502.22 from Debtor and Mr. Witzer. *Id.*

On November 30, 2020, the court in the State Court Action granted Pravati's Petition to Confirm the Arbitration Award, and, on December 21, 2020, the judgment was entered (the "Judgment"). *See* the Witzer Decl., ¶ 8. Pravati served a Notice of Entry of Judgment that same day. *Id.* On December 29, 2020, Pravati recorded the Notice of

Judgment Lien with the California Secretary of State. *Id.* A true and correct copy of the Notice of Judgment Lien is attached to Witzer Declaration as **Exhibit-3**.

On January 4, 2021, Debtor filed a Motion to Vacate the Judgment pursuant to Code of Civil Procedure § 663 (the "Motion to Vacate"). *See* the Witzer Decl., ¶ 9. On March 4, 2021, the court issued an Order Denying Debtor's Motion to Vacate. *Id.*

## C. Prospects of Reorganization

Debtor is confident that it can enter into plan treatment stipulations with its creditors. Debtor's proposed counsel has already commenced settlement discussions with Pravati. *See* the Witzer Decl., ¶ 10. Debtor is optimistic about the prospects of its reorganizational efforts. *Id.* Without question, the Covid-19 pandemic has negatively impacted the country's economy and devastated certain sectors of the economy. Debtor's operations have been impacted by the pandemic as well. *See* the Witzer Decl., ¶ 11. However, now that trials have resumed, Mr. Witzer has already begun the first of four trials scheduled for this year. *See* the Witzer Decl., ¶ 11. The *Trejo v. Johnson & Johnson* case, which resulted in a $48.2 million verdict in 2011, will be going to retrial this year as the long cause package was recently submitted to the Court. Debtor is currently engaged in a month-long trial in the Superior Court of California and continues to sign up new clients. *Id.* Debtor intends to use the income it generates from its operations to propose a feasible Plan of Reorganization. *Id.*

## II.    ADEQUATE PROTECTION

The SBA's secured interest is more than adequately protected by the assets of the Debtor. Debtor currently has approximately $417,235.90 in its bank accounts. *See* the Witzer Decl., ¶ 12 and **Exhibit-4** for a true and correct copy of the printout of Debtor's balance in the accounts. Debtor's liquid assets alone offer a full repayment of SBA's loan.

Pursuant to the terms of the loan agreement, Debtor is not required to pay the monthly payments of $731.00, which includes principal and interest, to the SBA until

DEBTOR LAW OFFICES OF BRIAN D. WITZER, INC.'S EMERGENCY MOTION FOR ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRIAN D. WITZER IN SUPPORT THEREOF

May 19, 2021. *See* the Witzer Decl., ¶ 18 and **Exhibit - 2** attached hereto. As such,

Debtor proposes to start making adequate protection payments to the SBA effective May

19, 2021. As to Pravati, the Debtor proposes to pay an adequate protection payment in the

amount of $15,000.00 per month. *See* the Witzer Decl., ¶ 19.

The Debtor proposes that it be authorized to use the cash collateral of the SBA and

Pravati for the purpose of paying the reasonable, necessary and ordinary expenses of

operating the law practice business. Although the Budget represents the Debtor's best

estimate of the necessary expenses associated with the business, the needs of the business

may fluctuate. Therefore, the Debtor requests Court authority to deviate from the total

expenses contained in the Budget by no more than 15% and to deviate by category

(provided the Debtor does not pay any expenses outside any of the approved categories)

without the need for further Court order or the express written consent of Secured

Creditors in advance unless such expenditure is an emergency and then the Debtor shall

notify the Secured Creditors of the expenditures immediately.

## III.
## A. THE USE OF THE CASH COLLATERAL FOR OPERATIONS SHOULD BE AUTHORIZED IN ACCORDANCE WITH THE BUDGET

To obtain court authorization to use cash collateral, a debtor must establish that the

"interest" of creditors holding liens on the subject collateral will remain "adequately

protected." 11 U.S.C. § 363(e). Pursuant to *United States v. Timbers of Inwood Forest*,

484 U.S. 365, 108 S. Ct 626 (1988), the "interest in property" entitled to adequate

protection under 11 U.S.C. §363(e) is no more or less than the "value of the collateral"

that is subject to the secured creditor's lien. **Under this holding, a debtor is merely**

**required to show that the secured creditor's collateral will not decline in value**

**under the Debtors' proposed usage of cash collateral**. *Timbers*, 108 S. Ct at 633; *In re*

*Ledgemere Land Corp.*, 116 B.R. 338, 343 (Bankr. D.Mass. 1990) (So long as the

receivables being collected and used by the debtor are being replaced by sufficient new

DEBTOR LAW OFFICES OF BRIAN D. WITZER, INC.'S EMERGENCY MOTION FOR ORDER
AUTHORIZING INTERIM USE OF CASH COLLATERAL; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION OF BRIAN D. WITZER IN SUPPORT THEREOF

receivables in which the creditor is granted a security interest, the creditor is adequately protected); *In re Johnson*, 90 B.R. 973, 978 (Bankr. D. Minn. 1988) (Since value of the collateral has not declined, the bank is not impaired and is not entitled to receive adequate protection payments); *In re Century Inv. Fund VII, Ltd. Partnership*, 96 B.R. 884, 887 (Bankr. E.D. Wis. 1989) (Where value appears to be stable, creditor is not entitled to adequate protection payments; *In re Kessler*, 86 B.R. 134, 136 (Bankr. C.D. Ill. 1988) (under *Timbers*, the sellers are not entitled to adequate protection payments, as there was no showing the 80-acre tract was depreciating in value); *In re Anderson*, 88 B.R. 877, 889 (Bankr. N.D. Ind. 1988) (Secured creditor required to show a necessity for adequate protection by showing a decline in asset value from the petition date); *In re McCombs Properties VI, Ltd.*, 88 B.R. 261 (Bankr. C.D.Cal. 1988); *In re Elmore*, 94 B.R. 670 (Bankr. C.D. Cal. 1988). Alternatively, a debtor can make an adequate protection showing even where the collateral is declining in value, as long as the creditor's interest therein is protected by a reasonable equity cushion. *See, In re Mellor*, 734 F. 2d 1396 (9th Cir. 1984); *In re Harrington & Richardson, Inc.*, 48 B.R. 431 (Bankr. D.Mass. 1985); *In re Mccombs Properties Vi, Ltd.*, 88 B.R. 261 (Bankr. C.D.Cal. 1988).

Here, as mentioned above, SBA and Pravati are the only secured creditors that have a secured interest in the assets of the Debtor. The SBA's interest is safeguarded by the value of the Debtor's assets. Debtor has no reason to believe that value of cash, office equipment, and other tangible property are declining in value. Pursuant to the terms of the loan agreement with SBA, Debtor's monthly payments of $731.00 do not commence until May 19, 2021. *See* the Witzer Decl., ¶ 17 and **Exhibit -2** for a true and correct copy of the SBA Loan Agreement. As to Pravati, the Debtor proposes to pay an adequate protection payment in the amount of $15,000.00 per month. *See* the Witzer Decl., ¶ 18.

As set forth above, if the Debtor's access to the cash collateral is interrupted for even a brief period of time, the consequences would be disastrous for the creditors of the

estate. The Debtor would be unable to operate its law practice without any interruption. The employees and the clients would leave and the business would shut down, making its value zero. As such, it is in the best interests of the estate and its creditors for the Debtor to be authorized to use the cash collateral to continue to operate and maintain its law practice business.

## B. <u>SECURED CREDITORS' INTERESTS ARE ADEQUATELY PROTECTED BY THE ADEQUATE EQUITY CUSHION IN DEBTOR'S ASSETS AND THE CONTINUED OPERATION OF THE DEBTOR</u>

Pursuant to Section 363(c)(2), the Court may authorize the debtor to use a secured creditor's cash collateral if the Court determines that the secured creditor is adequately protected. *Pistole v. Mellor (In re Mellor),* 734 F.2d 1396, 1400 (9th Cir. 1984). <u>See also</u> *O'Connor, supra,* 808 F.2d at 1398; *McCombs Properties VI, Ltd. v. First Texas Savings Association (In re McCombs Properties VI, Ltd.),* 88 B.R. 261, 265 (Bankr. C.D. Cal. 1988). In ordinary circumstances, a secured creditor is to be protected against a decrease in value which directly affects the secured creditor's interest in its collateral. See *United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.,* 484 U.S. 365, 108 S.Ct. 626, 630, (1988); Section 506(a) of the Bankruptcy Code "limit(s) the secured status of a creditor (i.e., the secured creditor's claim) to the lesser of the [allowed amount of the] claim or the value of the collateral." *McCombs,* <u>supra</u>, 88 B.R. at 266.

As a general rule, a debtor may use cash collateral where such use would enhance or preserve the value of the collateral. *In re Stein,* <u>supra</u>, 19 B.R. at 460; see also *McCombs,* supra, 88 B.R. at 267. The Debtor intends to use the cash collateral to operate and preserve the law practice business as is set forth in **Exhibit-1**. The use of cash collateral is essential to continue the ordinary maintenance and operations of Debtor's law practice. Without the use of the cash collateral, the Debtor will be unable to pay will be unable to pay the necessary payroll and payroll taxes, insurance, on-going litigation costs, rent, utilities and other necessary business expenses that arise in connection with

8

DEBTOR LAW OFFICES OF BRIAN D. WITZER, INC.'S EMERGENCY MOTION FOR ORDER
AUTHORIZING INTERIM USE OF CASH COLLATERAL; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION OF BRIAN D. WITZER IN SUPPORT THEREOF

the operation of a law practice. *See* Witzer Decl., ¶ 16. As such, unless the Debtor is permitted to use the cash collateral, the value of the business will rapidly diminish.

## C.  IN DETERMINING ADEQUATE PROTECTION, THE COURT SHOULD PROMOTE REORGANIZATION

In determining adequate protection, Courts have stressed the importance of promoting a debtor's reorganization. In *In re O'Connor*, supra, the Tenth Circuit stated:

> In this case, Debtors, in the midst of a Chapter 11 proceeding, have proposed to deal with cash collateral for the purpose of enhancing the prospects of reorganization. This quest is the ultimate goal of Chapter 11. Hence, the Debtor's efforts are not only to be encouraged, but also their efforts during the administration of the proceeding are to be measured in light of that quest. Because the ultimate benefit to be achieved by a successful reorganization inures to all the creditors of the estate, a fair opportunity must be given to the Debtors to achieve that end. Thus, while interests of the secured creditor whose property rights are of concern to the court, the interests of all other creditors also have bearing upon the question of whether use of cash collateral shall be permitted during the early stages of administration.

808 F.2d at 1937.

In order to promote Debtor's reorganization, the Court should grant the relief requested herein. The Debtor has demonstrated herein that the use of the cash collateral as proposed by the Debtor will preserve assets and operations of the Debtor for the benefit of this estate and the creditors, specifically including the SBA and Pravati. Indeed, a successful reorganization depends upon the use of cash collateral as proposed herein.

## IV. CONCLUSION

Based upon the foregoing, the Debtor respectfully requests that the Court grant the relief herein requested, authorizing interim use of cash collateral on the terms and

DEBTOR LAW OFFICES OF BRIAN D. WITZER, INC.'S EMERGENCY MOTION FOR ORDER
AUTHORIZING INTERIM USE OF CASH COLLATERAL; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION OF BRIAN D. WITZER IN SUPPORT THEREOF

1  conditions described in the Motion and the exhibits thereto and granting such other and

2  further relief as is just and proper under the circumstances.

3

4

5  Dated: 3/30/2021                    LAW OFFICES OF MICHAEL JAY BERGER

6

7  By: _____

8  MICHAEL JAY BERGER
   *Proposed* Counsel for Debtor and Debtor-in-

9  Possession, Law Offices of Brian D. Witzer

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEBTOR LAW OFFICES OF BRIAN D. WITZER, INC.'S EMERGENCY MOTION FOR ORDER
AUTHORIZING INTERIM USE OF CASH COLLATERAL; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION OF BRIAN D. WITZER IN SUPPORT THEREOF

## DECLARATION OF BRIAN D. WITZER

I, Brian D. Witzer, declare and state as follows:

1.      I am the founder and owner of The Law Offices of Brian D. Witzer, Inc., the debtor and debtor-in-possession in the above-captioned matter (the "Debtor" or the "Firm"). I have personal knowledge of the facts set forth below and if called to testify as to those facts, I could and would competently do so.

2.      I make this declaration in support of Debtor's Emergency Motion for Order Authorizing Interim Use of Cash Collateral (the "Motion").

3.      On March 29, 2021, the Debtor filed its Chapter 11 bankruptcy petition. This is the Debtor's first voluntary bankruptcy petition filing.

4.      I founded the Firm in 1989 after I concluded 12 years in both the public and private litigation sector. The Firm is known for or groundbreaking work in multi-party pharmaceutical litigation, toxic mold exposure, traumatic brain injury cases arising from a myriad of precipitating causes, sexual assault matters, and complex catastrophic injury cases. Since the Firm's inception, I have brought over 100+ cases to trial winning over one billion dollars in gross settlements.

5.      The event that precipitated the filing of Debtor's Chapter 11 bankruptcy case was the Order Denying Debtor's Motion to Vacate the Judgment entered in favor of Pravati Credit Fund III LP ("Pravati").

6.      On November 22, 2019, Pravati filed an action against Debtor and myself in the Superior Court of California, County of Los Angeles, case number 19SMCV02046 for an alleged breaches of nonrecourse advance agreement ("Agreement") to fund Debtor's litigation activities (the "State Court Action").

7.      Prior to commencing the State Court Action, the parties had arbitrated the matter in Arizona, per the terms of the Agreement's arbitration clause. The arbitrator panel found in Pravati's favor, finding that Pravati was entitled to recover $7,981,502.22 from Debtor and myself.

DEBTOR LAW OFFICES OF BRIAN D. WITZER, INC.'S EMERGENCY MOTION FOR ORDER
AUTHORIZING INTERIM USE OF CASH COLLATERAL; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION OF BRIAN D. WITZER IN SUPPORT THEREOF

8.       On November 30, 2020, the court in the State Court Action granted Pravati's Petition to Confirm the Arbitration Award, and, on December 21, 2020, the judgment was entered (the "Judgment"). Pravati served a Notice of Entry of Judgment that same day. On December 29, 2020, Pravati recorded the Notice of Judgment Lien with the California Secretary of State. A true and correct copy of the Notice of Judgment Lien is attached hereto as **Exhibit-3**. The UCC recorded lien of Amicus Capital Group, LLC was terminated. *See* Exhibit 3.

9.       On January 4, 2021, Debtor filed a Motion to Vacate the Judgment pursuant to Code of Civil Procedure § 663 (the "Motion to Vacate"). On March 4, 2021, the court issued an Order Denying Debtor's Motion to Vacate.

10.      Despite these issues, I am optimistic about the Debtor's reorganizational efforts. I am confident that the Debtor can enter into plan treatment stipulations with its creditors. Debtor's proposed bankruptcy counsel has already commenced settlement discussions with Pravati.

11.      The Covid-19 pandemic has negatively impacted the country's economy and devastated certain sectors of the economy. Debtor's operations have been impacted by the pandemic as well. However, now that trials have resumed, I have already begun the first of four trials scheduled for this year. The *Trejo v. Johnson & Johnson* case, which resulted in a $48.2 million verdict in 2011, will be going to retrial this year as the long cause package was recently submitted to the Court. As stated, I am currently engaged in a month-long trial in the Superior Court of California and I continue to sign up clients on behalf of the Firm. Debtor intends to use the income it generates from its operations to propose a feasible Plan of Reorganization.

12.      Debtor currently has $417,235.90 in it bank accounts. A true and correct copy of the printout for Debtor's accounts is attached hereto as **Exhibit-4**. The cash, the office equipment, and tangible personal property of the Debtor constitute cash collateral pursuant to §363(a) of the Bankruptcy Code. Debtor's liquid assets alone offer a full

DEBTOR LAW OFFICES OF BRIAN D. WITZER, INC.'S EMERGENCY MOTION FOR ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRIAN D. WITZER IN SUPPORT THEREOF

repayment of SBA's loan. The Debtor proposes that it use the cash collateral in the bank, as well as the future income to pay the allowed expenses pursuant to the Debtor's budget attached hereto as **Exhibit -1** (the "Budget").

13.    The Debtor believes that the expenses described in Exhibit -1 represent those expenses that the Debtor must pay in order to maintain its law practice business operations without any interruption.

14.    Although the Budget represents the Debtor's best estimate of the necessary expenses associated with the business, the needs of the business may fluctuate.

15.    The Debtor requests Court authority to deviate from the total expenses contained in the Budget by no more than 15% and to deviate by category (provided the Debtor does not pay any expenses outside any of the approved categories) without the need for further Court order or the express written consent of Secured Creditors in advance unless such expenditure is an emergency and then the Debtor shall notify the Secured Creditors of the expenditures immediately.

16.    In order to continue the operation of the business, the Debtor must be authorized to use cash collateral to pay the ordinary and necessary operating expenses. If the Debtor's ability to use cash collateral is interrupted, the Debtor will be unable to pay the necessary payroll and payroll taxes, insurance, rent, on-going litigation costs, utilities and other necessary business expenses listed in the attached Budget. The Debtor's business, and the Debtor's prospects for a successful reorganization, would be significantly harmed.

17.    The Debtor believes that the interest of its secured creditor SBA is adequately protected by the equity cushion in the Debtor's assets. Debtor proposes to make monthly adequate protection payment to the SBA pursuant to the terms of the loan agreement with the SBA, in the amount of $731.00 effective May 19, 2021 when the repayment term commences. A true and correct copy of the loan agreement is attached hereto as **Exhibit -2**.

DEBTOR LAW OFFICES OF BRIAN D. WITZER, INC.'S EMERGENCY MOTION FOR ORDER
AUTHORIZING INTERIM USE OF CASH COLLATERAL; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION OF BRIAN D. WITZER IN SUPPORT THEREOF

18.    As to Pravati, Debtor proposes to pay a monthly adequate protection payment in the amount of $15,000.00.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on March 30, 2021, in Los Angeles, California.

By: _____
    Brian D. Witzer
    Principal of The Law Offices of Brian D. Witzer,
    Inc.

DEBTOR LAW OFFICES OF BRIAN D. WITZER, INC.'S EMERGENCY MOTION FOR ORDER
AUTHORIZING INTERIM USE OF CASH COLLATERAL; MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION OF BRIAN D. WITZER IN SUPPORT THEREOF

# EXHIBIT 1

**Law Offices of Brian Witzer**
**Six Month Projected Income and Expense Statement**

| | Apr-21 | May-21 | Jun-21 | Jul-21 | Aug-21 | Sep-21 |
|---|---|---|---|---|---|---|
| **Income** | | | | | | |
| Fees Paid by Clients* | $11,000.00 | $70,000.00 | $2,500,000.00 | $600,000.00 | $600,000.00 | $10,000,000.00 |
| Costs Recovered** | $2,000.00 | $19,000.00 | $200,000.00 | $62,500.00 | $62,500.00 | $200,000.00 |
| Pre-Petition Cash on Hand | $418,000.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Gross Income | $431,000.00 | $89,000.00 | $2,700,000.00 | $662,500.00 | $662,500.00 | $10,200,000.00 |
| | | | | | | |
| **EXPENSES** | | | | | | |
| *Payments to Secured Creditors* | | | | | | |
| Small Business Administration | $0.00 | $731.00 | $731.00 | $731.00 | $731.00 | $731.00 |
| Pravati | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 |
| *Office/Firm Related Expenses* | | | | | | |
| Utilities (Electricity, Gas, Water, Waste Removal) | $1,558.00 | $1,558.00 | $1,558.00 | $1,558.00 | $1,558.00 | $1,558.00 |
| Phones /Internet | $1,145.00 | $1,145.00 | $1,145.00 | $1,145.00 | $1,145.00 | $1,145.00 |
| Office Expense /Supplies | $4,943.00 | $4,943.00 | $4,943.00 | $4,943.00 | $4,943.00 | $4,943.00 |
| Rent for Venus Dr. Property | $14,420.00 | $14,420.00 | $14,420.00 | $14,420.00 | $14,420.00 | $14,420.00 |
| Health Insurance | $6,021.00 | $6,021.00 | $6,021.00 | $6,021.00 | $6,021.00 | $6,021.00 |
| General Commercial Liability (Worker's Comp, General Liability) | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $3,500.00 |
| Malpractice Insurance | $2,500.00 | $2,500.00 | $2,500.00 | $2,500.00 | $2,500.00 | $2,500.00 |
| Litigation Costs (Expert witness fees, court reporter fees, mediator fees, etc.) | $100,000.00 | $100,000.00 | $100,000.00 | $100,000.00 | $100,000.00 | $100,000.00 |
| Contract Attorney | $20,000.00 | $20,000.00 | $20,000.00 | $20,000.00 | $20,000.00 | $20,000.00 |
| Outside service - driver | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 |
| Equipment rental (copy machine, postage meter) | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 |

|  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|
| Automobile Expenses (paying the lease payments for Debtor's employees) | $3,117.00 | $3,117.00 | $3,117.00 | $3,117.00 | $3,117.00 | $3,117.00 |
| Server Software Update, Computer, IT Support | $3,500.00 | $3,500.00 | $3,500.00 | $3,500.00 | $3,500.00 | $3,500.00 |
| **Payroll Expenses** |  |  |  |  |  |  |
| Payroll (excluding insiders) | $43,550.00 | $43,550.00 | $43,550.00 | $43,550.00 | $43,550.00 | $43,550.00 |
| Payroll Tax | $4,520.00 | $4,520.00 | $4,520.00 | $4,520.00 | $4,520.00 | $4,520.00 |
| Payroll for Insider - Brian Witzer | $25,000.00 | $25,000.00 | $25,000.00 | $25,000.00 | $25,000.00 | $25,000.00 |
| US Trustee's Fees | $325.00 |  |  | $975.00 |  |  |
| Law Offices of Michael Jay Berger Professional Fees Subject to Court's Approval | $0.00 |  | $30,000.00 | $0.00 | $0.00 | $30,000.00 |
| Jennifer Liu, CPA Professional Fees Subject to Court's Approval | $0.00 |  | $10,000.00 | $0.00 | $0.00 | $0.00 |
| **Total Expenses** | $249,599.00 | $250,005.00 | $290,005.00 | $250,980.00 | $250,005.00 | $283,505.00 |
| **Net Income*** | $181,401.00 | -$161,005.00 | $2,409,995.00 | $411,520.00 | $412,495.00 | $9,916,495.00 |

*The likelihood of recovery from the four upcoming trials this year and the large fees are the *estimated* results from these trials.

** "Costs recovered" are the advanced costs which the Firm recovers at the successful conclusion of a trial.

*** While on its face it appears that the Debtor has a substantial net disposable income, the reality is that a substantial portion of the fees and costs that are recovered in the upcoming trials will be re-invested in subsequent trials.

.

# EXHIBIT 2

DocuSign Envelope ID: C72D78F1-9492-4397-A8B9-C4FB9564B86D

Doc # L-01-1160288-01

SBA Loan #8895637405

Application #3600261694

# LOAN AUTHORIZATION AND AGREEMENT (LA&A)

## *A PROPERLY SIGNED DOCUMENT IS REQUIRED PRIOR TO ANY DISBURSEMENT*

---

**CAREFULLY READ THE LA&A:**
This document describes the terms and conditions of your loan. It is your responsibility to comply with <u>ALL</u> the terms and conditions of your loan.

---

**SIGNING THE LA&A:**
All borrowers must sign the LA&A.
- Sign your name *exactly* as it appears on the LA&A. If typed incorrectly, you should sign with the correct spelling.
- If your middle initial appears on the signature line, sign with your middle initial.
- If a suffix appears on the signature line, such as Sr. or Jr., sign with your suffix.
- Corporate Signatories: Authorized representatives should sign the signature page.

*Your signature represents your agreement to comply with the terms and conditions of the loan.*

---

Ref 50 30

DocuSign Envelope ID: C72D78F1-9492-4397-A8B9-C4FB9564B86D

Doc # L-01-1160288-01

SBA Loan      37405

Application #:      ι694

## U.S. Small Business Administration

Economic Injury Disaster Loan

## LOAN AUTHORIZATION AND AGREEMENT

Date: 05.19.2020 (Effective Date)

On the above date, this Administration (SBA) authorized (under Section 7(b) of the Small Business Act, as amended) a Loan (SBA Loan #████405) to Law Offices of Brian D. Witzer, Inc. (Borrower) of 2393 Venus Drive Los Angeles California 90005 in the amount of one hundred and fifty thousand and 00/100 Dollars ($150,000.00), upon the following conditions:

### PAYMENT

- Installment payments, including principal and interest, of $731.00 Monthly, will begin Twelve (12) months from the date of the promissory Note. The balance of principal and interest will be payable Thirty (30) years from the date of the promissory Note.

### INTEREST

- Interest will accrue at the rate of 3.75% per annum and will accrue only on funds actually advanced from the date(s) of each advance.

### PAYMENT TERMS

- Each payment will be applied first to interest accrued to the date of receipt of each payment, and the balance, if any, will be applied to principal.

- Each payment will be made when due even if at that time the full amount of the Loan has not yet been advanced or the authorized amount of the Loan has been reduced.

### COLLATERAL

- For loan amounts of greater than $25,000, Borrower hereby grants to SBA, the secured party hereunder, a continuing security interest in and to any and all "Collateral" as described herein to secure payment and performance of all debts, liabilities and obligations of Borrower to SBA hereunder without limitation, including but not limited to all interest, other fees and expenses (all hereinafter called "Obligations"). The Collateral includes the following property that Borrower now owns or shall acquire or create immediately upon the acquisition or creation thereof: all tangible and intangible personal property, including, but not limited to: (a) inventory, (b) equipment, (c) instruments, including promissory notes (d) chattel paper, including tangible chattel paper and electronic chattel paper, (e) documents, (f) letter of credit rights, (g) accounts, including health-care insurance receivables and credit card receivables, (h) deposit accounts, (i) commercial tort claims, (j) general intangibles, including payment intangibles and software and (k) as-extracted collateral as such terms may from time to time be defined in the Uniform Commercial Code. The security interest Borrower grants includes all accessions, attachments, accessories, parts, supplies and replacements for the Collateral, all products, proceeds and collections thereof and all records and data relating thereto.

- For loan amounts of $25,000 or less, SBA is not taking a security interest in any collateral.

SBA Form 1391 (5-00)

Ref 50 30

DocuSign Envelope ID: C72D78F1-9492-4397-A8B9-C4FB9564B86D

Doc # L-01-1160288-01

SBA Loan #  57405

Application #  1694

## REQUIREMENTS RELATIVE TO COLLATERAL

- Borrower will not sell or transfer any collateral (except normal inventory turnover in the ordinary course of business) described in the "Collateral" paragraph hereof without the prior written consent of SBA.

- Borrower will neither seek nor accept future advances under any superior liens on the collateral securing this Loan without the prior written consent of SBA.

## USE OF LOAN PROCEEDS

- Borrower will use all the proceeds of this Loan solely as working capital to alleviate economic injury caused by disaster occurring in the month of January 31, 2020 and continuing thereafter and to pay Uniform Commercial Code (UCC) lien filing fees and a third-party UCC handling charge of $100 which will be deducted from the Loan amount stated above.

## REQUIREMENTS FOR USE OF LOAN PROCEEDS AND RECEIPTS

- Borrower will obtain and itemize receipts (paid receipts, paid invoices or cancelled checks) and contracts for all Loan funds spent and retain these receipts for 3 years from the date of the final disbursement. Prior to each subsequent disbursement (if any) and whenever requested by SBA, Borrower will submit to SBA such itemization together with copies of the receipts.

- Borrower will not use, directly or indirectly, any portion of the proceeds of this Loan to relocate without the prior written permission of SBA. The law prohibits the use of any portion of the proceeds of this Loan for voluntary relocation from the business area in which the disaster occurred. To request SBA's prior written permission to relocate, Borrower will present to SBA the reasons therefore and a description or address of the relocation site. Determinations of (1) whether a relocation is voluntary or otherwise, and (2) whether any site other than the disaster-affected location is within the business area in which the disaster occurred, will be made solely by SBA.

- Borrower will, to the extent feasible, purchase only American-made equipment and products with the proceeds of this Loan.

- Borrower will make any request for a loan increase for additional disaster-related damages as soon as possible after the need for a loan increase is discovered. The SBA will not consider a request for a loan increase received more than **two (2)** years from the date of loan approval unless, in the sole discretion of the SBA, there are extraordinary and unforeseeable circumstances beyond the control of the borrower.

## DEADLINE FOR RETURN OF LOAN CLOSING DOCUMENTS

- **Borrower will sign and return the loan closing documents to SBA within 2 months of the date of this Loan Authorization and Agreement.** By notifying the Borrower in writing, SBA may cancel this Loan if the Borrower fails to meet this requirement. The Borrower may submit and the SBA may, in its sole discretion, accept documents after 2 months of the date of this Loan Authorization and Agreement.

## COMPENSATION FROM OTHER SOURCES

- Eligibility for this disaster Loan is limited to disaster losses that are not compensated by other sources. Other sources include but are not limited to: (1) proceeds of policies of insurance or other indemnifications, (2) grants or other reimbursement (including loans) from government agencies or private organizations, (3)

SBA Form 1391 (5-00)

Ref 50 30

DocuSign Envelope ID: C72D78F1-9492-4397-A8B9-C4FB9564B86D

Doc # L-01-1160288-01

SBA Loan # 17405                                                          Application # 594

claims for civil liability against other individuals, organizations or governmental entities, and (4) salvage (including any sale or re-use) of items of damaged property.

- Borrower will promptly notify SBA of the existence and status of any claim or application for such other compensation, and of the receipt of any such compensation, and Borrower will promptly submit the proceeds of same (not exceeding the outstanding balance of this Loan) to SBA.

- Borrower hereby assigns to SBA the proceeds of any such compensation from other sources and authorizes the payor of same to deliver said proceeds to SBA at such time and place as SBA shall designate.

- SBA will in its sole discretion determine whether any such compensation from other sources is a duplication of benefits. SBA will use the proceeds of any such duplication to reduce the outstanding balance of this Loan, and Borrower agrees that such proceeds will not be applied in lieu of scheduled payments.

## DUTY TO MAINTAIN HAZARD INSURANCE

- Within 12 months from the date of this Loan Authorization and Agreement the Borrower will provide proof of an active and in effect hazard insurance policy including fire, lightning, and extended coverage on all items used to secure this loan to at least 80% of the insurable value. Borrower will not cancel such coverage and will maintain such coverage throughout the entire term of this Loan. **BORROWER MAY NOT BE ELIGIBLE FOR EITHER ANY FUTURE DISASTER ASSISTANCE OR SBA FINANCIAL ASSISTANCE IF THIS INSURANCE IS NOT MAINTAINED AS STIPULATED HEREIN THROUGHOUT THE ENTIRE TERM OF THIS LOAN.** Please submit proof of insurance to: U.S. Small Business Administration, Office of Disaster Assistance, 14925 Kingsport Rd, Fort Worth, TX. 76155.

## BOOKS AND RECORDS

- Borrower will maintain current and proper books of account in a manner satisfactory to SBA for the most recent 5 years until 3 years after the date of maturity, including extensions, or the date this Loan is paid in full, whichever occurs first. Such books will include Borrower's financial and operating statements, insurance policies, tax returns and related filings, records of earnings distributed and dividends paid and records of compensation to officers, directors, holders of 10% or more of Borrower's capital stock, members, partners and proprietors.

- Borrower authorizes SBA to make or cause to be made, at Borrower's expense and in such a manner and at such times as SBA may require: (1) inspections and audits of any books, records and paper in the custody or control of Borrower or others relating to Borrower's financial or business conditions, including the making of copies thereof and extracts therefrom, and (2) inspections and appraisals of any of Borrower's assets.

- Borrower will furnish to SBA, not later than 3 months following the expiration of Borrower's fiscal year and in such form as SBA may require, Borrower's financial statements.

- Upon written request of SBA, Borrower will accompany such statements with an 'Accountant's Review Report' prepared by an independent public accountant at Borrower's expense.

- Borrower authorizes all Federal, State and municipal authorities to furnish reports of examination, records and other information relating to the conditions and affairs of Borrower and any desired information from such reports, returns, files, and records of such authorities upon request of SBA.

DocuSign Envelope ID: C72D78F1-9492-4397-A8B9-C4FB9564B86D

Doc # L-01-1160288-01

SBA Loan #    7405                                                                      Application #    94

## LIMITS ON DISTRIBUTION OF ASSETS

- Borrower will not, without the prior written consent of SBA, make any distribution of Borrower's assets, or give any preferential treatment, make any advance, directly or indirectly, by way of loan, gift, bonus, or otherwise, to any owner or partner or any of its employees, or to any company directly or indirectly controlling or affiliated with or controlled by Borrower, or any other company.

## EQUAL OPPORTUNITY REQUIREMENT

- If Borrower has or intends to have employees, Borrower will post SBA Form 722, Equal Opportunity Poster (copy attached), in Borrower's place of business where it will be clearly visible to employees, applicants for employment, and the general public.

## DISCLOSURE OF LOBBYING ACTIVITIES

- Borrower agrees to the attached Certification Regarding Lobbying Activities

## BORROWER'S CERTIFICATIONS

Borrower certifies that:

- There has been no substantial adverse change in Borrower's financial condition (and organization, in case of a business borrower) since the date of the application for this Loan. (Adverse changes include, but are not limited to: judgment liens, tax liens, mechanic's liens, bankruptcy, financial reverses, arrest or conviction of felony, etc.)

- No fees have been paid, directly or indirectly, to any representative (attorney, accountant, etc.) for services provided or to be provided in connection with applying for or closing this Loan, other than those reported on SBA Form 5 Business Disaster Loan Application'; SBA Form 3501 COVID-19 Economic Injury Disaster Loan Application; or SBA Form 159, 'Compensation Agreement'. All fees not approved by SBA are prohibited.

- All representations in the Borrower's Loan application (including all supplementary submissions) are true, correct and complete and are offered to induce SBA to make this Loan.

- No claim or application for any other compensation for disaster losses has been submitted to or requested of any source, and no such other compensation has been received, other than that which Borrower has fully disclosed to SBA.

- Neither the Borrower nor, if the Borrower is a business, any principal who owns at least 50% of the Borrower, is delinquent more than 60 days under the terms of any: (a) administrative order; (b) court order; or (c) repayment agreement that requires payment of child support.

- Borrower certifies that no fees have been paid, directly or indirectly, to any representative (attorney, accountant, etc.) for services provided or to be provided in connection with applying for or closing this Loan, other than those reported on the Loan Application. All fees not approved by SBA are prohibited. If an Applicant chooses to employ an Agent, the compensation an Agent charges to and that is paid by the Applicant must bear a necessary and reasonable relationship to the services actually performed and must be comparable to those charged by other Agents in the geographical area. Compensation cannot be contingent on loan approval. In addition, compensation must not include any expenses which are deemed by SBA to be unreasonable for services actually performed or expenses actually incurred. Compensation must not include

SBA Form 1391 (5-00)                                                              Ref 50 30

DocuSign Envelope ID: C72D78F1-9492-4397-A8B9-C4FB9564B86D

Doc # L-01-1160288-01

SBA Loan #    37405

Application #    1694

charges prohibited in 13 CFR 103 or SOP 50-30, Appendix 1. **If the compensation exceeds $500 for a disaster home loan or $2,500 for a disaster business loan, Borrower must fill out the Compensation Agreement Form 159D which will be provided for Borrower upon request or can be found on the SBA website.**

- Borrower certifies, to the best of its, his or her knowledge and belief, that the certifications and representations in the attached Certification Regarding Lobbying are true, correct and complete and are offered to induce SBA to make this Loan.

## CIVIL AND CRIMINAL PENALTIES

- Whoever wrongfully misapplies the proceeds of an SBA disaster loan shall be civilly liable to the Administrator in an amount equal to one-and-one half times the original principal amount of the loan under 15 U.S.C. 636(b). In addition, any false statement or misrepresentation to SBA may result in criminal, civil or administrative sanctions including, but not limited to: 1) fines, imprisonment or both, under 15 U.S.C. 645, 18 U.S.C. 1001, 18 U.S.C. 1014, 18 U.S.C. 1040, 18 U.S.C. 3571, and any other applicable laws; 2) treble damages and civil penalties under the False Claims Act, 31 U.S.C. 3729; 3) double damages and civil penalties under the Program Fraud Civil Remedies Act, 31 U.S.C. 3802; and 4) suspension and/or debarment from all Federal procurement and non-procurement transactions. Statutory fines may increase if amended by the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015.

## RESULT OF VIOLATION OF THIS LOAN AUTHORIZATION AND AGREEMENT

- If Borrower violates any of the terms or conditions of this Loan Authorization and Agreement, the Loan will be in default and SBA may declare all or any part of the indebtedness immediately due and payable. SBA's failure to exercise its rights under this paragraph will not constitute a waiver.

- A default (or any violation of any of the terms and conditions) of any SBA Loan(s) to Borrower and/or its affiliates will be considered a default of all such Loan(s).

## DISBURSEMENT OF THE LOAN

- Disbursements will be made by and at the discretion of SBA Counsel, in accordance with this Loan Authorization and Agreement and the general requirements of SBA.

- Disbursements may be made in increments as needed.

- Other conditions may be imposed by SBA pursuant to general requirements of SBA.

- Disbursement may be withheld if, in SBA's sole discretion, there has been an adverse change in Borrower's financial condition or in any other material fact represented in the Loan application, or if Borrower fails to meet any of the terms or conditions of this Loan Authorization and Agreement.

- **NO DISBURSEMENT WILL BE MADE LATER THAN 6 MONTHS FROM THE DATE OF THIS LOAN AUTHORIZATION AND AGREEMENT UNLESS SBA, IN ITS SOLE DISCRETION, EXTENDS THIS DISBURSEMENT PERIOD.**

SBA Form 1391 (5-00)                                                                                    Ref 50 30

DocuSign Envelope ID: C72D78F1-9492-4397-A8B9-C4FB9564B86D                    Doc # L-01-1160288-01

SBA Loan #    7405                                    Application #    694

## PARTIES AFFECTED

- This Loan Authorization and Agreement will be binding upon Borrower and Borrower's successors and assigns and will inure to the benefit of SBA and its successors and assigns.

## RESOLUTION OF BOARD OF DIRECTORS

- Borrower shall, within 180 days of receiving any disbursement of this Loan, submit the appropriate SBA Certificate and/or Resolution to the U.S. Small Business Administration, Office of Disaster Assistance, 14925 Kingsport Rd, Fort Worth, TX. 76155.

## ENFORCEABILITY

- This Loan Authorization and Agreement is legally binding, enforceable and approved upon Borrower's signature, the SBA's approval and the Loan Proceeds being issued to Borrower by a government issued check or by electronic debit of the Loan Proceeds to Borrower' banking account provided by Borrower in application for this Loan.

*James E. Rivera*

James E. Rivera
Associate Administrator
U.S. Small Business Administration

The undersigned agree(s) to be bound by the terms and conditions herein during the term of this Loan, and further agree(s) that no provision stated herein will be waived without prior written consent of SBA. **Under penalty of perjury of the United States of America, I hereby certify that I am authorized to apply for and obtain a disaster loan on behalf of Borrower, in connection with the effects of the COVID-19 emergency.**

Law Offices of Brian D. Witzer, Inc.

DocuSigned by:
*Brian Witzer*
5844C29C0501468...

Date:    05.19.2020

Brian Witzer, Owner/Officer

Note: Corporate Borrowers must execute Loan Authorization and Agreement in corporate name, by a duly authorized officer. Partnership Borrowers must execute in firm name, together with signature of a general partner. Limited Liability entities must execute in the entity name by the signature of the authorized managing person.

SBA Form 1391 (5-00)                                    Ref 50 30

DocuSign Envelope ID: C72D78F1-9492-4397-A8B9-C4FB9564B86D

Doc # L-01-1160288-01

SBA Loan /        7405                                    Application #.        1694

# CERTIFICATION REGARDING LOBBYING

For loans over $150,000, Congress requires recipients to agree to
the following:

1. Appropriated funds may NOT be used for lobbying.

2. Payment of non-federal funds for lobbying must be reported on Form
   SF-LLL.

3. Language of this certification must be incorporated into all
   contracts and subcontracts exceeding $100,000.

4. All contractors and subcontractors with contracts exceeding
   $100,000 are required to certify and disclose accordingly.

SBA Form 1391 (5-00)

DocuSign Envelope ID: C72D78F1-9492-4397-A8B9-C4FB9564B86D

Doc # L-01-1160288-01

SBA Loan #        405

Application #        1694

# CERTIFICATION REGARDING
# LOBBYING

*Certification for Contracts, Grants, Loans, and Cooperative*
*Agreements*

Borrower and all Guarantors (if any) certify, to the best of its, his or her knowledge and belief, that:

(1)    No Federal appropriated funds have been paid or will be paid, by or on behalf of the undersigned, to any person for influencing or attempting to influence an officer or employee of any agency, a Member of Congress, an officer or employee of Congress, or an employee of a Member of Congress in connection with awarding of any Federal contract, the making of any Federal grant, the making of any Federal loan, the entering into of any cooperative agreement, and the extension, continuation, renewal, or modification of any Federal contract, grant, loan, or cooperative agreement.

(2)    If any funds other than Federal appropriated funds have been paid or will be paid to any person for influencing or attempting to influence an officer or employee of any agency, a Member of Congress, an officer or employee of Congress, or an employee of a Member of Congress in connection with this Federal loan, the undersigned shall complete and submit Standard Form LLL, "Disclosure Form to Report Lobbying," in accordance with its instructions.

(3)    The undersigned shall require that the language of this certification be included in the award documents for all sub-awards at all tiers (including subcontracts, sub-grants, and contracts under grants, loans, and co-operative agreements) and that all sub-recipients shall certify and disclose accordingly.

This certification is a material representation of fact upon which reliance was placed when this transaction was made or entered into. Submission of this certification is a prerequisite for making or entering into this transaction imposed by Section 1352, Title 31, U.S. Code. Any person who fails to file the required certification shall be subject to a civil penalty of not less than $10,000.00 and not more than $100,000.00 for each such failure.

Page 9 of 11

SBA Form 1391 (5-00)

DocuSign Envelope ID: C72D78F1-9492-4397-A8B9-C4FB9564B86D    Doc # L-01-1160288-01



This Statement of Policy is Posted

In Accordance with Regulations of the

# Small Business Administration

This Organization Practices

# Equal Employment Opportunity

**We do not discriminate on the ground of race, color, religion, sex, age, disability or national origin in the hiring, retention, or promotion of employees; nor in determining their rank, or the compensation or fringe benefits paid them.**

This Organization Practices

# Equal Treatment of Clients

**We do not discriminate on the basis of race, color, religion, sex, marital status, disability, age or national origin in services or accommodations offered or provided to our employees, clients or guests.**

**These policies and this notice comply with regulations of the
United States Government.**

**Please report violations of this policy to:**

**Administrator
Small Business Administration
Washington, D.C. 20416**

In order for the public and your employees to know their rights under 13 C.F.R Parts 112, 113, and 117, Small Business Administration Regulations, and to conform with the directions of the Administrator of SBA, this poster must be displayed where it is clearly visible to employees, applicants for employment, and the public.

Failure to display the poster as required in accordance with SBA Regulations may be considered evidence of noncompliance and subject you to the penalties contained in those Regulations.

SBA FORM 722 (10-02) REF: SOP 9030    PREVIOUS EDITIONS ARE OBSOLETE          U.S. GOVERNMENT PRINTING OFFICE: 1994 0- 153-346

This form was electronically produced by Elite Federal Inc.

Federal Recycling Program      Printed on Recycled Paper

DocuSign Envelope ID: C72D78F1-9492-4397-A8B9-C4FB9564B86D    Doc # L-01-1160288-01



**Esta Declaración De Principios Se Publica**

**De Acuerdo Con Los Reglamentos De La**

Agencia Federal Para el Desarrollo de la Pequeña Empresa

**Esta Organización Practica**

# Igual Oportunidad De Empleo

**No discriminamos por razón de raza, color, religión, sexo, edad, discapacidad o nacionalidad en el empleo, retención o ascenso de personal ni en la determinación de sus posiciones, salarios o beneficios marginales.**

**Esta Organización Practica**

# Igualdad En El Trato A Su Clientela

**No discriminamos por razón de raza, color, religión, sexo, estado civil, edad, discapacidad o nacionalidad en los servicios o facilidades provistos para nuestros empleados, clientes o visitantes.**

**Estos principios y este aviso cumplen con los reglamentos del Gobierno de los Estados Unidos de América.**

**Favor de informar violaciones a lo aquí indicado a:**

**Administrador**
**Agencia Federal Para el Desarrollo de la**
**Pequeña Empresa**
**Washington, D.C. 20416**

A fin de que el público y sus empleados conozcan sus derechos según lo expresado en las Secciones 112, 113 y 117 del Código de Regulaciaones Federales No. 13, de los Reglamentos de la Agencia Federal Para el Desarrollo de la Pequeña Empresa y de acuerdo con las instrucciones del Administrador de dicha agencia,
esta notificación debe fijarse en un lugar claramente visible para los empleados, solicitantes de empleo y público en general. No fijar esta notificación según lo requerido por los reglamentos de la Agencia Federal Para el Desarrollo de la Pequeña Empresa, puede ser interpretado como evidencia de falta de cumplimiento de los mismos y conllevará la ejecución de los castigos impuestos en estos reglamentos.

SBA FORM 722 (10-02) REF: SOP 9030   PREVIOUS EDITIONS ARE OBSOLETE          U.S. GOVERNMENT PRINTING OFFICE: 1994 0- 153-346
This form was electronically produced by Elite Federal Inc.

Federal Recycling Program      Printed on Recycled Paper

DocuSign Envelope ID: C72D78F1-9492-4397-A8B9-C4FB9564B86D

Doc # L-01-1160288-01

SBA Loan #        /405

Application #:        ,94

# NOTE

## *A PROPERLY SIGNED NOTE IS REQUIRED <u>PRIOR</u> TO ANY DISBURSEMENT*

<u>CAREFULLY READ THE NOTE</u>: It is your promise to repay the loan.

- The Note is pre-dated. **DO NOT CHANGE THE DATE OF THE NOTE.**
- <u>LOAN PAYMENTS</u> will be due as stated in the Note.
- **ANY CORRECTIONS OR UNAUTHORIZED MARKS MAY VOID THIS DOCUMENT.**

<u>SIGNING THE NOTE</u>: All borrowers must sign the Note.
- Sign your name *exactly* as it appears on the Note. If typed incorrectly, you should sign with the correct spelling.
- If your middle initial appears on the signature line, sign with your middle initial.
- If a suffix appears on the signature line, such as Sr. or Jr., sign with your suffix.
- Corporate Signatories: Authorized representatives should sign the signature page.

DocuSign Envelope ID: C72D78F1-9492-4397-A8B9-C4FB9564B86D          Doc # L-01-1160288-01

SBA Loan #    7405                                                                 Application #    ı1694



| | U.S. Small Business Administration | Date: 05.19.2020 |
|---|---|---|
| | **NOTE** | Loan Amount: **$150,000.00** |
| | (SECURED DISASTER LOANS) | Annual Interest Rate: 3.75% |

**SBA Loan #**    7405                                                    **Application #**    1694

1. **PROMISE TO PAY:** In return for a loan, Borrower promises to pay to the order of SBA the amount of **one hundred and fifty thousand  and 00/100 Dollars ($150,000.00),** interest on the unpaid principal balance, and all other amounts required by this Note.

2. **DEFINITIONS: A)** "Collateral" means any property taken as security for payment of this Note or any guarantee of this Note. **B)** "Guarantor" means each person or entity that signs a guarantee of payment of this Note. **C)** "Loan Documents" means the documents related to this loan signed by Borrower, any Guarantor, or anyone who pledges collateral.

3. **PAYMENT TERMS:** Borrower must make all payments at the place SBA designates. Borrower may prepay this Note in part or in full at any time, without notice or penalty. Borrower must pay principal and interest payments of **$731.00** every **month** beginning **Twelve (12)** months from the date of the Note. SBA will apply each installment payment first to pay interest accrued to the day SBA receives the payment and will then apply any remaining balance to reduce principal. All remaining principal and accrued interest is due and payable **Thirty (30) years** from the date of the Note.

4. **DEFAULT:** Borrower is in default under this Note if Borrower does not make a payment when due under this Note, or if Borrower: **A)** Fails to comply with any provision of this Note, the Loan Authorization and Agreement, or other Loan Documents; **B)** Defaults on any other SBA loan; **C)** Sells or otherwise transfers, or does not preserve or account to SBA's satisfaction for, any of the Collateral or its proceeds; **D)** Does not disclose, or anyone acting on their behalf does not disclose, any material fact to SBA; **E)** Makes, or anyone acting on their behalf makes, a materially false or misleading representation to SBA; **F)** Defaults on any loan or agreement with another creditor, if SBA believes the default may materially affect Borrower's ability to pay this Note; **G)** Fails to pay any taxes when due; **H)** Becomes the subject of a proceeding under any bankruptcy or insolvency law; **I)** Has a receiver or liquidator appointed for any part of their business or property; **J)** Makes an assignment for the benefit of creditors; **K)** Has any adverse change in financial condition or business operation that SBA believes may materially affect Borrower's ability to pay this Note; **L)** Dies; **M)** Reorganizes, merges, consolidates, or otherwise changes ownership or business structure without SBA's prior written consent; or, **N)** Becomes the subject of a civil or criminal action that SBA believes may materially affect Borrower's ability to pay this Note.

5. **SBA'S RIGHTS IF THERE IS A DEFAULT:** Without notice or demand and without giving up any of its rights, SBA may: **A)** Require immediate payment of all amounts owing under this Note; **B)** Have recourse to collect all amounts owing from any Borrower or Guarantor (if any); **C)** File suit and obtain judgment; **D)** Take possession of any Collateral; or **E)** Sell, lease, or otherwise dispose of, any Collateral at public or private sale, with or without advertisement.

6. **SBA'S GENERAL POWERS:** Without notice and without Borrower's consent, SBA may: **A)** Bid on or buy the Collateral at its sale or the sale of another lienholder, at any price it chooses; **B)** Collect amounts due under this Note, enforce the terms of this Note or any other Loan Document, and preserve or dispose of the Collateral. Among other things, the expenses may include payments for property taxes, prior liens, insurance, appraisals, environmental remediation costs, and reasonable attorney's fees and costs. If SBA incurs such expenses, it may demand immediate reimbursement from Borrower or add the expenses to the principal balance; **C)** Release anyone obligated to pay this Note; **D)** Compromise, release, renew, extend or substitute any of the Collateral; and **E)** Take any action necessary to protect the Collateral or collect amounts owing on this Note.

SBA FORM 147 B (5-00)

DocuSign Envelope ID: C72D78F1-9492-4397-A8B9-C4FB9564B86D

Doc # L-01-1160288-01

SBA Loan #        405                                                                Application #      !694

7. **FEDERAL LAW APPLIES:** When SBA is the holder, this Note will be interpreted and enforced under federal law, including SBA regulations. SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Note, Borrower may not claim or assert against SBA any local or state law to deny any obligation, defeat any claim of SBA, or preempt federal law.

8. **GENERAL PROVISIONS: A)** All individuals and entities signing this Note are jointly and severally liable. **B)** Borrower waives all suretyship defenses. **C)** Borrower must sign all documents required at any time to comply with the Loan Documents and to enable SBA to acquire, perfect, or maintain SBA's liens on Collateral. **D)** SBA may exercise any of its rights separately or together, as many times and in any order it chooses. SBA may delay or forgo enforcing any of its rights without giving up any of them. **E)** Borrower may not use an oral statement of SBA to contradict or alter the written terms of this Note. **F)** If any part of this Note is unenforceable, all other parts remain in effect. **G)** To the extent allowed by law, Borrower waives all demands and notices in connection with this Note, including presentment, demand, protest, and notice of dishonor. Borrower also waives any defenses based upon any claim that SBA did not obtain any guarantee; did not obtain, perfect, or maintain a lien upon Collateral; impaired Collateral; or did not obtain the fair market value of Collateral at a sale. **H)** SBA may sell or otherwise transfer this Note.

9. **MISUSE OF LOAN FUNDS:** Anyone who wrongfully misapplies any proceeds of the loan will be civilly liable to SBA for one and one- half times the proceeds disbursed, in addition to other remedies allowed by law.

10. **BORROWER'S NAME(S) AND SIGNATURE(S):** By signing below, each individual or entity acknowledges and accepts personal obligation and full liability under the Note as Borrower.

Law Offices of Brian D. Witzer, Inc.

DocuSigned by:

*Brian Witzer*

5844C29C0501468...

Brian Witzer, Owner/Officer

Page 3 of 3

DocuSign Envelope ID: C72D78F1-9492-4397-A8B9-C4FB9564B86D

Doc # L-01-1160288-01

SBA Loan        37405

Application #        1694

# SECURITY AGREEMENT

<u>Read this document carefully.</u> It grants the SBA a security interest (lien) in all the property described in paragraph 4.

This document is predated. DO NOT CHANGE THE DATE ON THIS DOCUMENT.

DocuSign Envelope ID: C72D78F1-9492-4397-A8B9-C4FB9564B86D
Doc # L-01-1160288-01

SBA Loan      7405

Application #    ·1694



U.S. Small Business Administration
## SECURITY AGREEMENT

| SBA Loan #: | 7405 |
|---|---|
| Borrower: | Law Offices of Brian D. Witzer, Inc. |
| Secured Party: | **The Small Business Administration, an Agency of the U.S. Government** |
| Date: | 05.19.2020 |
| Note Amount: | $150,000.00 |

1.      **DEFINITIONS.**

Unless otherwise specified, all terms used in this Agreement will have the meanings ascribed to them under the Official Text of the Uniform Commercial Code, as it may be amended from time to time, ("UCC"). "SBA" means the Small Business Administration, an Agency of the U.S. Government.

2.      **GRANT OF SECURITY INTEREST.**

For value received, the Borrower grants to the Secured Party a security interest in the property described below in paragraph 4 (the "Collateral").

3.      **OBLIGATIONS SECURED.**

This Agreement secures the payment and performance of: (a) all obligations under a Note dated 05.19.2020, made by Law Offices of Brian D. Witzer, Inc. , made payable to Secured Lender, in the amount of $150,000.00 ("Note"), including all costs and expenses (including reasonable attorney's fees), incurred by Secured Party in the disbursement, administration and collection of the loan evidenced by the Note; (b) all costs and expenses (including reasonable attorney's fees), incurred by Secured Party in the protection, maintenance and enforcement of the security interest hereby granted; (c) all obligations of the Borrower in any other agreement relating to the Note; and (d) any modifications, renewals, refinancings, or extensions of the foregoing obligations.

4.      **COLLATERAL DESCRIPTION.**

The Collateral in which this security interest is granted includes the following property that Borrower now owns or shall acquire or create immediately upon the acquisition or creation thereof: all tangible

Page 2 of 5

DocuSign Envelope ID: C72D78F1-9492-4397-A8B9-C4FB9564B86D

Doc # L-01-1160288-01

SBA Loan #    7405

Application #    694

and intangible personal property, including, but not limited to: (a) inventory, (b) equipment, (c) instruments, including promissory notes (d) chattel paper, including tangible chattel paper and electronic chattel paper, (e) documents, (f) letter of credit rights, (g) accounts, including health-care insurance receivables and credit card receivables, (h) deposit accounts, (i) commercial tort claims, (j) general intangibles, including payment intangibles and software and (k) as-extracted collateral as such terms may from time to time be defined in the Uniform Commercial Code. The security interest Borrower grants includes all accessions, attachments, accessories, parts, supplies and replacements for the Collateral, all products, proceeds and collections thereof and all records and data relating thereto.

5.    **RESTRICTIONS ON COLLATERAL TRANSFER.**

Borrower will not sell, lease, license or otherwise transfer (including by granting security interests, liens, or other encumbrances in) all or any part of the Collateral or Borrower's interest in the Collateral without Secured Party's written or electronically communicated approval, except that Borrower may sell inventory in the ordinary course of business on customary terms. Borrower may collect and use amounts due on accounts and other rights to payment arising or created in the ordinary course of business, until notified otherwise by Secured Party in writing or by electronic communication.

6.    **MAINTENANCE AND LOCATION OF COLLATERAL; INSPECTION; INSURANCE.**

Borrower must promptly notify Secured Party by written or electronic communication of any change in location of the Collateral, specifying the new location. Borrower hereby grants to Secured Party the right to inspect the Collateral at all reasonable times and upon reasonable notice. Borrower must: (a) maintain the Collateral in good condition; (b) pay promptly all taxes, judgments, or charges of any kind levied or assessed thereon; (c) keep current all rent or mortgage payments due, if any, on premises where the Collateral is located; and (d) maintain hazard insurance on the Collateral, with an insurance company and in an amount approved by Secured Party (but in no event less than the replacement cost of that Collateral), and including such terms as Secured Party may require including a Lender's Loss Payable Clause in favor of Secured Party. Borrower hereby assigns to Secured Party any proceeds of such policies and all unearned premiums thereon and authorizes and empowers Secured Party to collect such sums and to execute and endorse in Borrower's name all proofs of loss, drafts, checks and any other documents necessary for Secured Party to obtain such payments.

7.    **CHANGES TO BORROWER'S LEGAL STRUCTURE, PLACE OF BUSINESS, JURISDICTION OF ORGANIZATION, OR NAME.**

Borrower must notify Secured Party by written or electronic communication not less than 30 days before taking any of the following actions: (a) changing or reorganizing the type of organization or form under which it does business; (b) moving, changing its place of business or adding a place of business; (c) changing its jurisdiction of organization; or (d) changing its name. Borrower will pay for the preparation and filing of all documents Secured Party deems necessary to maintain, perfect and continue the perfection of Secured Party's security interest in the event of any such change.

8.    **PERFECTION OF SECURITY INTEREST.**

Borrower consents, without further notice, to Secured Party's filing or recording of any documents necessary to perfect, continue, amend or terminate its security interest. Upon request of Secured Party, Borrower must sign or otherwise authenticate all documents that Secured Party deems necessary at any time to allow Secured Party to acquire, perfect, continue or amend its security interest in the Collateral. Borrower will pay the filing and recording costs of any documents relating to Secured Party's security interest. Borrower ratifies all previous filings and recordings, including financing statements and

SBA Form 1059 (09-19) Previous Editions are obsolete.

DocuSign Envelope ID: C72D78F1-9492-4397-A8B9-C4FB9564B86D

Doc # L-01-1160288-01

SBA Loan        7405

Application #        594

notations on certificates of title. Borrower will cooperate with Secured Party in obtaining a Control Agreement satisfactory to Secured Party with respect to any Deposit Accounts or Investment Property, or in otherwise obtaining control or possession of that or any other Collateral.

9.    **DEFAULT.**

Borrower is in default under this Agreement if: (a) Borrower fails to pay, perform or otherwise comply with any provision of this Agreement; (b) Borrower makes any materially false representation, warranty or certification in, or in connection with, this Agreement, the Note, or any other agreement related to the Note or this Agreement; (c) another secured party or judgment creditor exercises its rights against the Collateral; or (d) an event defined as a "default" under the Obligations occurs. In the event of default and if Secured Party requests, Borrower must assemble and make available all Collateral at a place and time designated by Secured Party. Upon default and at any time thereafter, Secured Party may declare all Obligations secured hereby immediately due and payable, and, in its sole discretion, may proceed to enforce payment of same and exercise any of the rights and remedies available to a secured party by law including those available to it under Article 9 of the UCC that is in effect in the jurisdiction where Borrower or the Collateral is located. Unless otherwise required under applicable law, Secured Party has no obligation to clean or otherwise prepare the Collateral for sale or other disposition and Borrower waives any right it may have to require Secured Party to enforce the security interest or payment or performance of the Obligations against any other person.

10.    **FEDERAL RIGHTS.**

When SBA is the holder of the Note, this Agreement will be construed and enforced under federal law, including SBA regulations. Secured Party or SBA may use state or local procedures for filing papers, recording documents, giving notice, enforcing security interests or liens, and for any other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax or liability. As to this Agreement, Borrower may not claim or assert any local or state law against SBA to deny any obligation, defeat any claim of SBA, or preempt federal law.

11.    **GOVERNING LAW.**

Unless SBA is the holder of the Note, in which case federal law will govern, Borrower and Secured Party agree that this Agreement will be governed by the laws of the jurisdiction where the Borrower is located, including the UCC as in effect in such jurisdiction and without reference to its conflicts of laws principles.

12.    **SECURED PARTY RIGHTS.**

All rights conferred in this Agreement on Secured Party are in addition to those granted to it by law, and all rights are cumulative and may be exercised simultaneously. Failure of Secured Party to enforce any rights or remedies will not constitute an estoppel or waiver of Secured Party's ability to exercise such rights or remedies. Unless otherwise required under applicable law, Secured Party is not liable for any loss or damage to Collateral in its possession or under its control, nor will such loss or damage reduce or discharge the Obligations that are due, even if Secured Party's actions or inactions caused or in any way contributed to such loss or damage.

13.    **SEVERABILITY.**

If any provision of this Agreement is unenforceable, all other provisions remain in effect.

SBA Form 1059 (09-19) Previous Editions are obsolete.

DocuSign Envelope ID: C72D78F1-9492-4397-A8B9-C4FB9564B86D

Doc # L-01-1160288-01

SBA Loan        7405                                                                 Application #        694

14.        **BORROWER CERTIFICATIONS.**

Borrower certifies that: (a) its Name (or Names) as stated above is correct; (b) all Collateral is owned or titled in the Borrower's name and not in the name of any other organization or individual; (c) Borrower has the legal authority to grant the security interest in the Collateral; (d) Borrower's ownership in or title to the Collateral is free of all adverse claims, liens, or security interests (unless expressly permitted by Secured Party); (e) none of the Obligations are or will be primarily for personal, family or household purposes; (f) none of the Collateral is or will be used, or has been or will be bought primarily for personal, family or household purposes; (g) Borrower has read and understands the meaning and effect of all terms of this Agreement.

15.        **BORROWER NAME(S) AND SIGNATURE(S).**

By signing or otherwise authenticating below, each individual and each organization becomes jointly and severally obligated as a Borrower under this Agreement.

Law Offices of Brian D. Witzer, Inc.

DocuSigned by:

*Brian Witzer*

5844C29C0501408...

Date:        05.19.2020

Brian Witzer, Owner/Officer

SBA Form 1059 (09-19) Previous Editions are obsolete.

# EXHIBIT - 3

3/30/2021                                    Search | California Secretary of State

California
*Secretary of*
*State*                    UCC                                                                    [ Login ]

Home

Search

Forms

# UCC Search                                                    Print

*UCC Documents have been processed through: 03/28/2021*

**Disclaimer:** This tool allows you to search the California Secretary of State's
Uniform Commercial Code database for abstracts of information for lien
notices that have been filed with this office. The UCC Search is updated as
documents are filed. The data provided is not a complete or certified
record.

Law Offices of Brian D. Witzer                                    🔍

                                                    Advanced ⌄

                                                                    Results: 3

| UCC Type | Debtor Information | File Number | Secured Party Info | Status | Filing Date | Lapse Date |
|---|---|---|---|---|---|---|
| UCC | LAW OFFICES OF BRIAN D. WITZER, INC. - LOS ANGELES, CA | 207781906101 | U.S. SMALL BUSINESS ADMINISTRATION - EL PASO, TX | Active | 05/27/2020 | 05/27/2025 |
| UCC | LAW OFFICES OF BRIAN D. WITZER, INC. - LOS ANGELES, CA | 177616294871 | AMICUS CAPITAL GROUP, LLC - VALENCIA, CA | Active | 11/13/2017 | 11/13/2022 |
| Judgment Lien | LAW OFFICES OF BRIAN D. WITZER, INC. - LOS ANGELES, CA | U200039995943 | PRAVATI CREDIT FUND III - SCOTTSDALE, AZ | Active | 12/29/2020 | 12/29/2025 |

1

© 2021 CA Secretary of State

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Corporation Service Company
800-858-5294

**B. E-MAIL CONTACT AT FILER (optional)**

**C. SEND ACKNOWLEDGMENT TO: (Name and Address)**
CORPORATION SERVICE COMPANY
801 ADLAI STEVENSON DRIVE
Springfield, IL 62703-4261
USA

DOCUMENT NUMBER: 89260650002
FILING NUMBER: 20-7781905101
FILING DATE: 05/27/2020 09:22

IMAGE GENERATED ELECTRONICALLY FOR XML FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Law Offices of Brian D. Witzer, Inc. | | | |

| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 2393 Venus Drive | Los Angeles | CA | 90005 | USA |

**2. DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |

| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

**3. SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| U.S. Small Business Administration | | | |

| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 10737 Gateway West, #300 | El Paso | TX | 79935 | USA |

**4. COLLATERAL: This financing statement covers the following collateral:**
All tangible and intangible personal property, including, but not limited to: (a) inventory, (b) equipment, (c) instruments, including promissory notes (d) chattel paper, including tangible chattel paper and electronic chattel paper, (e) documents, (f) letter of credit rights, (g) accounts, including health-care insurance receivables and credit card receivables, (h) deposit accounts, (i) commercial tort claims, (j) general intangibles, including payment intangibles and software and (k) as-extracted collateral as such terms may from time to time be defined in the Uniform Commercial Code. The security interest Borrower grants includes all accessions, attachments, accessories, parts, supplies and replacements for the Collateral, all products, proceeds and collections thereof and all records and data relating thereto. EXEMPT Per California Government Code Section 6103 PLEASE EXPEDITE 889563 7405

**5.** Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and instructions) ☐ being administered by a Decedent's Personal Representative

**6a.** Check only if applicable and check only one box:
☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

**6b.** Check only if applicable and check only one box:
☐ Agricultural Lien ☐ Non-UCC Filing

**7. ALTERNATIVE DESIGNATION (if applicable):** ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

**8. OPTIONAL FILER REFERENCE DATA:**
[183374045]

**FILING OFFICE COPY**

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

| | |
|---|---|
| **A. NAME & PHONE OF CONTACT AT FILER** (optional)<br>AM ARTINEZ2<br>564-7800 | |
| **B. E-MAIL CONTACT AT FILER** (optional) | |
| **C. SEND ACKNOWLEDGMENT TO:** (Name and Address)<br>UCC eZFILE<br>2020 HURLEY WAY STE 350<br>Sacramento, CA 95825<br>USA | **DOCUMENT NUMBER:** 65321910002<br>**FILING NUMBER:** 17-7616294871<br>**FILING DATE:** 11/13/2017 15:41<br><br>IMAGE GENERATED ELECTRONICALLY FOR XML FILING<br>THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY |

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR Law Offices of Brian D. Witzer, Inc. | | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 1424 Belfast Drive | Los Angeles | CA | 90069 | USA |

**2. DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR | | | | |
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

**3. SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR Amicus Capital Group, LLC | | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 25876 The Old Road #340 | Valencia | CA | 91381 | USA |

**4. COLLATERAL:** This financing statement covers the following collateral:

All assets

**5.** Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

| 6a. Check only if applicable and check only one box: | 6b. Check only if applicable and check only one box: |
|---|---|
| ☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☐ A Debtor is a Transmitting Utility | ☐ Agricultural Lien  ☐ Non-UCC Filing |

**7. ALTERNATIVE DESIGNATION** (if applicable): ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor

**8. OPTIONAL FILER REFERENCE DATA:**
2012 3291 - Witzer

FILING OFFICE COPY

# UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS

| A. NAME & PHONE OF CONTACT AT FILER (optional) |
|---|
| A M ARTINEZ2 |
| 564-7800 |

| B. E-MAIL CONTACT AT FILER (optional) |
|---|
| |

| C. SEND ACKNOWLEDGMENT TO: (Name and Address) |
|---|
| UCC eZFILE |
| 2020 HURLEY WAY STE 350 |
| Sacramento, CA 95825 |
| USA |

DOCUMENT NUMBER: 66537100002
FILING NUMBER: 17-76240624
FILING DATE: 12/21/2017 16:42

IMAGE GENERATED ELECTRONICALLY FOR XML FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE NUMBER | 1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Filer: Attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13 |
|---|---|
| 17-7616294871 | |

2. ☑ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

3. ☐ ASSIGNMENT (full or partial): Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

4. ☐ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☐ PARTY INFORMATION CHANGE:
Check one of these two boxes:      AND Check one of these three boxes to:
This Change affects ☐ Debtor or ☐ Secured Party of record.    ☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c    ☐ ADD name: Complete item 7a or 7b, and item 7c    ☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. CURRENT RECORD INFORMATION: Complete for Party Information Change - provide only one name (6a or 6b)

| OR | 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| | 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | | |

7. CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| OR | 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| | 7b. INDIVIDUAL'S SURNAME | | | |
| | INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| | INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

8. ☐ COLLATERAL CHANGE: Also check one of these four boxes: ☐ ADD collateral  ☐ DELETE collateral  ☐ RESTATE covered collateral  ☐ ASSIGN collateral
Indicate collateral:

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| OR | a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| | Amicus Capital Group, LLC | | | |
| | b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA:
2012-3291 - Witzer

FILING OFFICE COPY

U200039995943



**STATE OF CALIFORNIA**
*Office of the Secretary of State, Alex Padilla*
**NOTICE OF JUDGMENT LIEN (JL 1)**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| --- |
| **-FILED-** |
| File #: U200039995943 |
| Date Filed: 12/29/2020 |

**Submitter Information:**

| | |
| --- | --- |
| Contact Name | |
| Organization Name | Chora Young & Manasserian LLP |
| Phone Number | (626) 744-1838 |
| Email Address | dionne@chorayoungllp.com |
| Address | DIONNE HARVEY<br>650 SIERRA MADRE VILLA AVE.<br>304<br>PASADENA, CA 91107 |

**Judgment Debtor Information:**

| Judgment Debtor Name | Mailing Address |
| --- | --- |
| Law Offices of Brian D. Witzer, Inc. | Brian D. Witzer<br>2393 Venus Dr.<br>Los Angeles, CA 90046 |
| Brian D Witzer | Brian D. Witzer<br>2047 Sunset Plaza Dr.<br>Los Angeles, CA 90069-1317 |

**Judgment Creditor Information:**

| Judgment Creditor Name | Mailing Address |
| --- | --- |
| Pravati Credit Fund III | Alexander Chucri<br>4400 N. Scottsdale Rd.<br>#9277<br>Scottsdale, AZ 85251 |

**Judgment Information:**

| | |
| --- | --- |
| A. Name of Court Where Judgment Was Entered | Superior Court of California, County of Los Angeles |
| B. Title of the Action | Pravati Credit Fund III LP |
| C. Case Number | 19SMCV02046 |
| D. Date Judgment Was Entered | 12/21/2020 |

| E. Date(s) of Subsequent Renewal of Judgment (if any) |
| --- |
| None Entered |

| | |
| --- | --- |
| F. Date of This Notice | 12/29/2020 |
| G. Amount Required to Satisfy Judgment at This Date of Notice | $7,985,915.65 |

All property subject to enforcement of a Money Judgment against the Judgment Debtor to which a Judgment Lien on personal property may attach under Section 697.530 of the Code of Civil Procedure is subject to this Judgment Lien.

**Declaration and Signature:**

| | |
| --- | --- |
| Declaration: | I am representing the legal firm that is the Attorney of Record for the Judgment Creditor. |
| Organization Name: | Chora Young & Manasserian, LLP |

☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Page 1 of

| *Dionne Harvey* | *12/29/2020* |
|---|---|
| Sign Here | Date |

# EXHIBIT - 4



**BANK OF AMERICA** // **Business Advantage 360**

Law Offices Of Brian D. Witzer, Inc.

Accounts | Bill Pay | Transfer | Zelle® | Business Services | Special Offers & Deals | Tools & Investing | Open

Law Offices Of Brian D. Witzer, Inc.

m*****@witzerlaw.com | Update Profile | Security Center

You've be
Preferred
Business

My summi

Launch Cash Flow Monitor
Manage your business performance and connect your business apps.

Activity C

Alerts

Special Offers

/// Business accounts ª

Quick View

Business Adv Fundamentals - 2449

Your business card offer!

$363,634.38



# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
9454 Wilshire Blvd., 6th Fl., Beverly Hills, CA 90212

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR LAW OFFICES OF BRIAN D. WITZER, INC.'S EMERGENCY MOTION FOR ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRIAN D. WITZER IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 3/30/2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Proposed Counsel: Michael Jay Berger    michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
U.S. Trustee: Dare Law    dare.law@usdoj.gov
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.   SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 3/30/2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 3/30/2021 | Peter Garza | /s/Peter Garza |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

3. <u>**SERVED BY EMAIL AND/OR FAX**</u>

U.S. Trustee
Dare Law    dare.law@usdoj.gov

**Secured Creditors:**

Pravati Credit Fund III, LLP
c/o Chora Young & Manasserian LLP
Attn: Joseph Chora, Esq.
650 Sierra Madre Villa Ave. Ste 304
Pasadena, CA 91107-2141
Araceli@cym.law

Pravati Credit Fund III, LLP
c/o Fernald Law Group APC
Attn: Brandon C. Fernald, Esq.
510 W. 67th Street, Ste 700
Los Angeles, CA 90014
mariana@fernaldlawgroup.com

U.S. Business Administration
c/o Elan Levey, US Attorney's Office
300 N. Los Angeles Street
Fed. Bldg., Rm. 7516
Los Angeles, CA 90012
elan.levey@usdoj.gov

U.S. Small Business Admin
El Paso Loan Service Center
10737 Gateway West, Ste. 300
El Paso, TX 79935
elan.levey@usdoj.gov

**20 Largest Unsecured Creditors:**

Acosta & Associates LLC
600 West Germantown Pike, Suite 600
Plymouth Meeting, PA 19462
acostaandassociatesllc@gmail.com

Alan G. Bassman, CPA
Bassman, Adelman & Weiss, P.C.
630 Sentry Parkway East, Ste 200
Blue Bell, PA 19422
Alan@Bassman.com

Amicus Capital Group, LLC
26650 The Old Road, Suite 212
Stevenson Ranch, CA 91381
bill@amicuscapitalgroup.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

Brian D. Witzer
2393 Venus Drive
Los Angeles, CA 90046
brian@witzerlaw.com

City of Los Angeles
Office of Finance
200 North Spring St., Rm 101
Los Angeles, CA 90012
Finance.customerservice@lacity.org

Harold Wrobel - Fazoula
14954 Corona Del Mar
Pacific Palisades, CA 90272
hwpalisades@aol.com

Leidy Yohana Witzer
2393 Venus Drive
Los Angeles, CA 90046
brian@witzerlaw.com

Mustang Funding LLC
120 Broadway Avenue South
Wayzata, MI 55391
philip@mustangfunding.com

The Solender Group
2516 Via Tejon #277
Palos Verdes Peninsula, CA 90274
Fax number (310) 445-5160

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.