MICHAEL JAY BERGER (State Bar # 100291)
LAW OFFICES OF MICHAEL JAY BERGER
9454 Wilshire Blvd. 6th Floor
Beverly Hills, CA 90212-2929
Telephone:   (310) 271-6223
Facsimile:    (310) 271-9805
E-mail:        michael.berger@bankruptcypower.com

Counsel for Debtor and Debtor-in-Possession,
Law Offices of Brian D. Witzer, Inc.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>LAW OFFICES OF BRIAN D. WITZER, INC.,<br><br>Debtor and Debtor-in-Possession. | CASE NO.: 2:21-bk-12517-NB<br><br>Chapter 11<br><br>**DEBTOR LAW OFFICES OF BRIAN D. WITZER'S REPLY TO CREDITOR PRAVATI CREDIT FUND III, LP'S OBJECTION TO BRIAN D. WITZER'S NOTICE OF INSIDER COMPENSATION**<br><br>Hearing Scheduled For:<br>Date:   May 11, 2021<br>Time:   1:00 p.m.<br>Place:  Via ZoomGov<br><br>**Hearing will be held via ZoomGov.**<br>**Please refer to Hon. Bason's "Procedures for Telephonic and Video Appearances:**<br><br>https://www.cacb.uscourts.gov/judges/honorable-neil-w-bason |

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. COMPENSATION TO BRIAN D. WITZER IS NOT A RETENTION BONUS

11 U.S.C. Section 503(c)(1) and (c)(3) do not apply because the compensation request for Brian D. Witzer is not a retention bonus. It is a fair compensation for services rendered by Mr. Witzer to the Debtor. The cases cited by Pravati do not support Pravati's contention that Section 503(c) applies to Insider Compensation Request of Brian D. Witzer. They all involve facts where the Debtor established an incentive plans for its employees and/or insiders. Here, there is no incentive plan proposed by the Debtor but rather a request for the court to approve Mr. Witzer's compensation request within the ordinary course, which is supported by what Mr. Witzer had historically received as a compensation from the Debtor.

**Case Law Analysis**

In re Journal Register Co., 407 B.R. 520, 535 (Bankr. S.D.N.Y. 2009) is premised on facts that are distinguishable from the facts of Debtor's case. In *In re Journal Register Co.*, as part of the Plan confirmation, the Debtor established an Incentive Plan for the benefit of certain employees of the Reorganized Debtor. The Incentive Plan provided bonuses to the employees critical to the Debtor if these employees achieve certain goals after the plan confirmation the Debtors and the Consenting Lenders established in the plan support agreement. The court found that Section 503 of the Bankruptcy Code did not apply as the proposed payments are being paid subsequent to confirmation of the Plan and as a result of the confirmation order itself.

Here, Mr. Witzer's compensation request is not a bonus, as incorrectly characterized by Pravati, but rather a compensation for Mr. Witzer to continue to work hard and represent the best interests of the Firm and Firm's clients. No incentive plan is being proposed here and the Debtor is not at the plan confirmation stage. As such, Section 503 is not applicable.

In re Residental Capital, LLC, 478 B.R. 154, 170 (Bankr. S.D.N.Y. 2012), the Debtors sought authorization to implement two incentive plans covering eight insiders, and one retention plan covering 155 non-insider employees. These bonus plans provide for bonuses of approximately $7.8 million to 163 employees, with nearly 50% being paid to the eight insiders. The United States Trustee opposed arguing that the Debtors failed to meet their burden to show that the bonus plans are primarily incentivizing rather than retentive. Under the plan, the insider participants were only required to remain with the Debtors until the closing of the platform sales, which were substantially negotiated pre-petition, in order to obtain their awards. The Debtors failed to show that these participants plan was a "pay for value" plan that offered incentives based on performance rather than a "pay to stay" plan. The court said that "when a plan is designed to motivate employees to achieve specified performance goals, it is primarily incentivizing, and thus not subject to section 503(c)(1)."

Similarly, in In re Dana Corp., 351 B.R. 96, 102 (Bankr. S.D.N.Y. 2006), the debtors proposed a plan that provided for payment of awards upon "the effective date of a plan of reorganization" if the executives were still employed by the debtor, and for payment of additional awards based on the enterprise value of the debtors six months after the effective date of a plan 351 B.R. at 99. The court rejected the plan because it included "an amount payable to the [plan recipients] upon the [d]ebtors' emergence from chapter 11, regardless of the outcome of these cases. Without tying this portion of the bonus to anything other than staying with the company until the [effective date of a plan]," the court refused to find that the plan was primarily incentivizing. Id. at 102.

In In Mesa Air Group, No. 10 Civ. 10018 (MG), 2010 WL 3810899, *4 (Bankr. S.D.N.Y. Sept. 24, 2010) (citation omitted), this Court held that the debtors' incentive bonus program was not a retention bonus because it was designed to "motivate the employees to achieve performance goals."

Mr. Witzer's Insider Compensation requests the court to authorize payments to Mr. Witzer for the work he performs within the ordinary course of Debtor's business of operating a law practice. Mr. Witzer's request is a "pay for value." Debtor's caseload is based primarily on a contingency fee arrangement. If no recovery is received, the Debtor does not get compensated for the long hours of work spent on each case. If no compensation is received by the Debtor, there will be no funds to pay Mr. Witzer's compensation or to fund the reorganization plan. As the court in <u>In re Residental Capital</u>, pointed out, "when a plan is designed to motivate employees to achieve specified performance goals, it is primarily incentivizing, and thus not subject to section 503(c)(1)."

Furthermore, Section 503(c)(3) which limits payments made to the Debtors' employees outside of the ordinary course unless such payments are justified by "the facts and circumstances of the case," is also not applicable because the compensation request of Mr. Witzer is within the ordinary course of Debtor's law practice. Mr. Witzer is the key player and the lead litigation counsel for all of the Debtor's cases. Without Mr. Witzer, these cases will not result in any recovery. Mr. Witzer's compensation request is a fair compensation for Mr. Witzer's use of his expertise, time and experience within the ordinary course of Debtor's business to achieve the best possible results for the clients. It is not a bonus compensation and no incentive plan is being proposed here. None of the cases cites by Pravati address the Insider Compensation for Debtor's principal. Instead, they deal with incentive and bonus plans proposed by Debtor's as part of their reorganization plans, which are not applicable to the facts of the Debtor's case.

Pravati did not question Brian D. Witzer's compensation when it loaned millions of dollars to the Debtor. Now, Pravati argues that Mr. Witzer should not be receiving more than $92,307.60 base annual salary. The services provided by Mr. Witzer are essential to the survival and successful reorganization of the Debtor. As noted above, Mr. Witzer is a civil litigation attorney with over thirty-five years of experience. He is the principal of the

Debtor and the lead counsel in all the cases he is handling. Without Mr. Witzer's contribution, the chances of prevailing at trial are substantially diminished. The Debtor's ability to pay its creditors, including Pravati, hinges on Debtor winning cases to generate the income to support the reorganization plan. Mr. Witzer handles complex civil litigation cases. If Mr. Witzer is not compensated for his hard work on behalf of his clients, he will not be motivated to work, and he will not be able to meet his own expenses. Without Mr. Witzer's hard work, expertise in the area of the law he practices in, and dedication to helping his clients by working long hours every week and going from one trial to another, there will be no income coming to the Debtor, and no chance for an effective reorganization. It is in the best interest of all the creditors that Mr. Witzer's insider compensation request be approved so that Mr. Witzer can continue to work hard to win cases for his clients which will generate the income necessary to fund a successful reorganization plan.

## II.   PRAVATI'S LATE FILED OBJECTION SHOULD BE DISREGARDED BY THE COURT AND DEBTOR'S REQUEST FOR INSIDER COMPENSATION APPROVED

On April 6, 2021, Debtor served the Notice of Insider Compensation for Brian D. Witzer to its secured, and 20 largest unsecured creditors. Creditor Pravati Credit Fund III LP objected to Mr. Witzer's Notice of Insider Compensation. On April 20, 2021, Debtor set the Insider Compensation for a hearing on May 11, 2021. The deadline for oppositions to the Compensation was due 14 days prior to May 11, 2021 hearing date. Pravati filed a late objection to Insider Compensation on May 6, 2021 [docket no.: 81]. Because of Pravati's late filed objection, Debtor did not have sufficient

time to do a more thorough research and reserves its right to supplement this Reply, if necessary.

### III. CONCLUSION

Based upon the foregoing, the Debtor respectfully requests that the Court overrule Pravati's late-filed objection and authorize the Insider Compensation for Brian D. Witzer.

Dated: 5/11/2021

LAW OFFICES OF MICHAEL JAY BERGER

By: /s/ Michael Jay Berger
MICHAEL JAY BERGER
Counsel for Debtor and Debtor-in-Possession, Law Offices of Brian D. Witzer

DEBTOR LAW OFFICES OF BRIAN D. WITZER'S REPLY TO CREDITOR PRAVATI CREDIT FUND III, LP'S OBJECTION TO BRIAN D. WITZER'S NOTICE OF INSIDER COMPENSATION

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
9454 Wilshire Blvd., 6th Fl., Beverly Hills, CA 90212

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR LAW OFFICES OF BRIAN D. WITZER'S REPLY TO CREDITOR PRAVATI CREDIT FUND III, LP'S OBJECTION TO BRIAN D. WITZER'S NOTICE OF INSIDER COMPENSATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 5/11/2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Counsel for Debtor: Michael Jay Berger    michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
Counsel for Citibank: Christopher D. Crowell  ccrowell@hrhlaw.com
U.S. Trustee: Dare Law    dare.law@usdoj.gov
Interested Party: Samuel Price    sprice@pooleshaffery.com, mvalenti@pooleshaffery.com
Counsel for Pravati Credit Fund: Cameron H Totten    cameron@chorayoungllp.com, dionne@cym.law
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On 5/11/2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/11/2021 | Peter Garza | /s/Peter Garza |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                               **F 9013-3.1.PROOF.SERVICE**

**2. SERVED BY UNITED STATES MAIL**

**Secured Creditors:**
Pravati Credit Fund III, LLP
c/o Chora Young & Manasserian LLP
Attn: Joseph Chora, Esq.
650 Sierra Madre Villa Ave. Ste 304
Pasadena, CA 91107-2141

Pravati Credit Fund III, LLP
c/o Fernald Law Group APC
Attn: Brandon C. Fernald, Esq.
15910 Ventura Blvd., #1702
Encino, CA 91436

Pravati SPV II LLC
Attn: Ian Abaie
4400 N. Scottsdale Rd, Suite 9277
Scottsdale, AZ 85251-3331

Amicus Capital Group, LLC
28470 Avenue Stanford, Ste. 220
Santa Clarita, CA 91355

Amicus Capital Group, LLC
Poole Shaffery, Attorneys at Law
Attn: Samuel R. Price, Esq.
25350 Magic Mountain Parkway, 2nd Fl.
Santa Clarita, CA 91355

U.S. Business Administration
c/o Elan Levey, US Attorney's Office
300 N. Los Angeles Street
Fed. Bldg., Rm. 7516
Los Angeles, CA 90012 (Address from Appendix D)

U.S. Small Business Admin
El Paso Loan Service Center
10737 Gateway West, Ste. 300
El Paso, TX 79935

U.S. Small Business Administration
Office of General Counsel
Attn: Gil Hopenstand
312 North Spring St., 5th Fl.,
Los Angeles, CA 90012 (Address from POC)

United States Department of Justice
Ben Franklin Station
P.O. Box 683
Washington, D.C. 20044 (Address from Appendix D)

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

**20 Largest Unsecured Creditors:**
Acosta & Associates LLC
600 West Germantown Pike, Suite 600
Plymouth Meeting, PA 19462

Alan G. Bassman, CPA
Bassman, Adelman & Weiss, P.C.
630 Sentry Parkway East, Ste 200
Blue Bell, PA 19422

City of Los Angeles
Office of Finance
200 North Spring St., Rm 101
Los Angeles, CA 90012

City of Los Angeles
Office of Finance
PO Box 53200
Los Angeles, CA 90053

Citibank, N.A.
Hemar, Rousso & Herald, LLP
c/o Christopher D. Crowell
15910 Ventura Blvd., 12th Floor
Encino, CA 91436-2829

Citibank
PO Box 6030
Sioux Falls, SD 57117-6030

Franchise Tax Board
Bankruptcy Section MS A340
PO Box 2952
Sacramento, CA 95812-2952 (Address from POC)

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Services
Attn: Insolvency
24000 Avila Rd MS 5503
Laguna Niguel, CA 92677-3405 (Address from POC)

Harold Wrobel - Fazoula
14954 Corona Del Mar
Pacific Palisades, CA 90272
hwpalisades@aol.com

Mustang Funding LLC
120 Broadway Avenue South
Wayzata, MI 55391

The Solender Group
2516 Via Tejon #277
Palos Verdes Peninsula, CA 90274

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                     F 9013-3.1.PROOF.SERVICE

Shawn Amber Conrad Rougeron, Et, Al
c/o Christopher Lan Blank, Esq.
4675 MaCarthur Ct., Ste. 550
Newport Beach, CA 92660-8836

Wells Fargo Business Card
PO Box 77033
Minneapolis, MN 55480-7733

Wells Fargo Vendor Financial Services, LLC
1010 Thomas Edison Blvd., SW
Cedar Rapids, IA 52404 (Address from POC)

**Interested Parties:**

Clinton & Clinton
100 Oceangate Ste. 1400
Long Beach, CA 90802

Citibank, N.A.
PO Box 68893
Des Moines, IA 50368

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**