FILED

MAY 1 7 2023

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

Brian D. Witzer
In Pro Per
2393 Venus Drive
Los Angeles, California 90046
Telephone: (310) 777-5999
Facsimile: (310) 777-5988

PARTY IN INTEREST, IN PROPRIA PERSONA

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

In re:

LAW OFFICES OF BRIAN D. WITZER, INC

Case No. 2:2021-BK-12517-NB

**DECLARATION OF BRIAN D. WITZER**

1

## DECLARATION OF BRIAN D. WITZER

2    I, BRIAN D. WITZER., state and declare as follows:

3    1.  I am a Party in Interest in the above caption case.

4    2.  I attempted to e-file My Opposition to Motion for Approval of Compromise between the

5         Trustee and Pravati via e-filing.

6    3.  I discovered shortly thereafter that since I am not registered with the e-filing system I was not

7         able to e-file yesterday.

8    4.  As the result of the above, I am having the Opposition physically delivered to the Court on this

9         date and filed with the Clerk directly.

10

11   5.  Due to this inadvertent mistake, I am requesting that the Court accept my Opposition at this

12        time which is one calendar day beyond the filing deadline of Opposition.

13

14   I declare under penalty of perjury under the laws of the State of California that the foregoing is true

15   and correct.

16

17   Executed this 17th day of May 2023.

18

19

20   Dated:  May 17, 2023                                                        _____

21                                                                                          Brian D. Witzer

22

23

24

25

26

27

28

1    BRIAN D. WITZER, ESQ

    In Pro Per

2    2393 Venus Drive

    Los Angeles, CA 90046

3    Tel: (310) 777-5999

    Fax: (310) 777-5988

4

5    PARTY IN INTEREST, IN PROPRIA PERSONA

6

7                 **UNITED STATES BANKRUPTCY COURT**

8                 **CENTRAL DISTRICT OF CALIFORNIA**

9                    **LOS ANGELES DIVISION**

10

| | |
|---|---|
| In re: | Case No. 2:2021-bk-12517-NB |
| **LAW OFFICES OF BRIAN D. WITZER, INC** | **CHAPTER 7** |
| | **PARTY IN INTEREST BRIAN D. WITZER'S OPPOSITION TO MOTION FOR APPROVAL OF COMPROMISE BETWEEN TRUSTEE AND PRAVATI CREDIT FUND III LP PURSUANT TO RULES OF BANKRUPTCY PROCEDURE; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF BRIAN D. WITZER, ESQ. IN SUPPORT THEREOF** |
| | *Date:*    *May 30, 2023* |
| | *Time:*    *11:00 a.m.* |
| | *Ctrm:*    *1545 or ZoomGov* |

**TO THE HONORABLE NEAL W. BASON, UNITED STATES BANKRUPTCY JUDGE,**

**ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

     A party of significant interest to the instant bankruptcy litigation, BRIAN D. WITZER, ESQ.

(hereinafter, "WITZER") hereby submits an Opposition to the Bankruptcy Trustee, TIMOTHY YOO's

(hereinafter "YOO"), Motion for Approval of Compromise of Controversy Between Trustee and

1

PARTY IN INTEREST, BRIAN D. WITZER'S, OPPOSITION TO TRUSTE'S MOTION FOR APPROVAL OF SETTLEMENT
AGREEMENT; MEMO. OF PTS. & AUTHS. AND DECLARATION OF BRIAN D. WITZER, ESQ. IN SUPPORT THEREOF

PRAVATI CREDIT FUND III LP (hereinafter "PRAVATI") Pursuant to Rule 9019 (a) of the Federal

Rules of Bankruptcy Procedure on the following grounds:

    1.      Federal Rules of Civil Procedure §9019 (a) provides as follows:

        "(a) COMPROMISE. On motion by the trustee and after notice and a hearing,

the court may approve a compromise or settlement. Notice shall be given to creditors,

the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and

to any other entity as the court may direct.

        (c) ARBITRATION. On stipulation of the parties to any controversy affecting

the estate the court may authorize the matter to be submitted to final and binding

arbitration."

    First and foremost, the impact of any order if entered on the STIPULATION cannot have any

impact at all on the rights of the non-Debtor WITZER. As YOO stated in his Motion for Approval of

his proposed Settlement Agreement (i.e., STIPULATION), the Court has complete discretion to

determine if the proposed STIPULATION is based upon sound judgment and has considered all of the

facts from all parties in the proceedings. On the contrary, YOO has essentially adopted PRAVATI's

version of the events and has formulated the STIPULATION based upon PRAVATI's contentions

without considering any of the adverse effects to other parties. Based upon that alone, this Court should

disapprove the STIPULATION and consider the Revisions provided by WITZER which are attached to

this Opposition.

    2.      Although YOO states that he "has investigated the claims filed by PRAVATI and

Amicus and other matters relevant to the administration of this case, his investigation did not uncover

substantial inaccuracies and miscalculations made by PRAVATI including but not limited to the

inaccurate/unsupportable amount of $10,945,900.44 which should be no greater than $8,195,800.78

which includes the sum of $214,298.56 as interest instead of PRAVATI's inflated contention that the

post Arbitration Award interest was $2,438,393.40. Furthermore, PRAVATI's judgment lien filed on

12/29/2020 reflects the Judgment amount of $7,981,502.22, and provides for no subsequent judgment

additions for attorney's fees, costs, additional quarterly fees, Arbitration (AAA) fees and Interpleader fees (all of which are improperly incorporated and thereafter incorporated into the incorrect $10,945,900.44 or otherwise inflated claim made by PRAVATI) which was neither entered nor filed nor was reflected in any subsequent abstracts or writs. [See further discussion in Memorandum below].

By overstating the amount of PRAVATI's claim and Judgment, the language of the presently worded STIPULATION substantially prejudices real party in interest, WITZER, who holds claims against PRAVATI which he intends to pursue, including, but not limited to an appeal of the Judgment

3.    The 'sound business judgment of the Trustee', which YOO asserts is the basis for the STIPULATION, does not consider future extensive litigation between WITZER individually and PRAVATI.   In the event the Court elects to approve YOO's STIPULATION, there is likely to be significant and complex further litigation of WITZER's personal guarantees including but not limited to WITZER's filing of a personal Chapter 7 Bankruptcy with attendant Motions and Adversary Claims as well as WITZER continuing with a filed Appeal of the Los Angeles Superior Court Judgment which the STIPULATION does not prohibit as it only applies to the Debtor allowing WITZER to continue to pursue his own Appeal of the Judgment which WITZER contends is meritorious as it is based upon a completely erroneous and unlawful Arbitration Award and for which WITZER continues to contend has substantial merit.    Furthermore, although YOO has the authority to recommend settlement proposals without conferring with WITZER, as a matter of 'sound judgment', in order to determine the ramifications of the STIPULATION as to ongoing and future litigation/Appeal of this matter, it is respectfully submitted that had YOO used best practices, he would have conferred with WITZER to at least obtain WITZER's input about the STIPULATION irrespective of whether YOO decided to consider and or incorporate WITZER's comments or not.    WITZER submits that the purported "extensive arms length negotiations" were mischaracterized as such since it did not involve any consideration of WITZER's potential further litigation and post-judgment proceedings regarding which PRAVATI has continued to relentlessly and mercilessly pursue against WITZER. [pg. 17, lines 23-24

3

Motion for Court Approval].

4.  Additionally, there are several factual errors in the STIPULATION as well as in YOO's Motion for Court Approval of the STIPULATION including but not limited to the fact that the precise definition of 'collateral' is not spelled out in the STIPULATION which is why WITZER is suggesting an attachment listing the specified list of cases that would apply to 'collateral' as well as any other monies left over in the WITZER firm to avoid any confusion going forward [pg. 2, lines 14-16 Motion for Approval] so that the STIPULATION is in the best interests of the parties and that the STIPULATION "comports with the *A&C Properties* standards including:  1.  Probability of success in litigation (regarding which YOO completely accepts and incorporates PRAVATI's contentions and does not consider any other factors regarding the same and not the least of which is that it abandons the Bankruptcy Court's previous tentative ruling to discharge Pravati's UCC filing); 2. The difficulties of collection (stating incorrectly that the disputes between the estate and PRAVATI "do not involve recovery of funds" when that is the main significant issue in this matter); 3. The complexity of the litigation involved and the expense, inconvenience and delay attendant to it (failing to consider the litigation that will continue unless WITZER's personal guarantees are not resolved in this STIPULATION or by the ruling of this Court; and 4. The interest of creditors (that the interest of creditors are best served by the approval of the Stipulation which is based upon the failure to consider WITZER'S Appeal of the Superior Court Judgment and the necessity for filing of his own Chapter 7 bankruptcy which would, for all intent and purposes, wipe out all other creditor's claims).

5.  Pursuant to the Court's July 8, 2022 Ruling which interpreted the elements of 11 U.S.C. §547(b) as follows:

(i) Transfer – element satisfied

PRAVATI recorded a UCC-1 in 2018 and its Notice of Judgment Lien on 12/29/20. The tentative ruling (set forth below) is that, as a matter of law, the former was ineffective to perfect PRAVATI's lien. In that event, the 2020 Notice of Judgment Lien was the first time PRAVATI's lien became perfected, and that constituted a "transfer" to or for the benefit of PRAVATI, thus satisfying

4

PARTY IN INTEREST, BRIAN D. WITZER'S, OPPOSITION TO TRUSTE'S MOTION FOR APPROVAL OF SETTLEMENT
AGREEMENT; MEMO. OF PTS. & AUTHS. AND DECLARATION OF BRIAN D. WITZER, ESQ. IN SUPPORT THEREOF

§547(b)(1). See *In re Gomez*, 592 B.R. 698, 706 (9th Cir. BAP 2018) ("The perfection of a security

interest is a 'transfer' within the meaning of § 101(54)(D).") (citations omitted).

(ii) Antecedent debt – element satisfied

It is undisputed that the recording of the 2020 Notice of Judgment Lien was for or on account

of an "antecedent debt," namely the loans by PRAVATI to Debtor. That satisfies § 547(b)(2).

(iii) Insolvency – element satisfied

The third element of § 547(b) is that the transfer must have been made while Debtor was

insolvent. In this context, "insolvent" means a "financial condition such that the sum of [its] debts is

greater than all of [its] property at a fair valuation, exclusive of – (i) property transferred, concealed, or

removed with intent to hinder, delay, or defraud such entity's creditors …." § 101(32).  It is beyond

dispute in the instant matter that the Debtor was insolvent in the instant matter.  [See further discussion

below].

6.    The Los Angeles Superior Court Judgment which completely adhered, upheld and rubber-

stamped the Arbitration Award that preceded it, was erroneous based upon the fact that it was not an

investment as alleged by PRAVATI but, in fact, was a series of loans for which usurious interest under

both Arizona and California law is prohibited.  Furthermore, if, as the Arbitration Panel determined, it

was an investment and not a loan, then it violated both the Arizona and California Rules of Professional

Conduct in that it gave no credence or acknowledgment to the prohibition for a lawyer entering into an

agreement pertaining to the sharing of fees with a non-lawyer with or without the written permission of

the client.  Furthermore, the Arbitration Award should have been determined by the Superior Court as

being void in that case authorities clearly hold that the validity of an agreement; that is, the existence of

an enforceable agreement, cannot be determined by an Arbitration but must be determined by a Court

of law.

7.    Another issue is whether the mediation agreement (which was signed by both

PRAVATI and WITZER on behalf of the LAW OFFICES OF BRIAN D. WITZER, INC.) can

be enforceable without approval by this Court, based on a motion to approve a settlement

under Rule 9019, Fed. R. Bankr. P., or perhaps as a transaction out of the ordinary course

under 11 U.S.C. 363(b).  No such motion is on for hearing today, nor is it clear that this Court would necessarily grant any such motion because at prior hearings some parties have suggested that the proposed arrangement divides the value of the estate between Pravati and Debtor without providing for other creditors.  At the 5/31/22 hearing, the Honorable Judge Bason noted that the term sheet cuts a deal between PRAVATI and the Debtor but doesn't really provide anything for anyone else.  Judge Bason continued to indicate that it is not a foregone conclusion that he would approve the Mediation Agreement, even if the term sheet was binding or that the Court would approve it assuming that it was presented in a 9019 Motion or settlement motion based upon the *A&C Properties* test.  A true and correct copy of the Mediation Agreement which PRAVATI reneged upon, is attached hereto, marked Exhibit "A" and is incorporation herein by this reference thereto

       For the above reasons, it is respectfully submitted that the STIPULATION is neither in the best interests of all parties involved in this matter nor is it based upon 'sound judgment' in that it essentially accepts each and every contention made by PRAVATI.  WITZER contends that the STIPULATION only satisfies the best interests of PRAVATI while ignoring both WITZER'S interests and that of all creditors and should be amended as set forth in the attached 'Proposed Revisions to STIPULATION' submitted by WITZER.  As noted above, in the event that the Court grants the STIPULATION, the language of any order must specifically provide that it does not prejudice or impact any and all rights of WITZER with respect to PRAVATI to, among other things, appeal or challenge the Judgment of PRAVATI.

Dated: May 16, 2023.

Party In Interest, In Pro Per

PARTY IN INTEREST, BRIAN D. WITZER'S OPPOSITION TO TRUSTE'S MOTION FOR APPROVAL OF SETTLEMENT

## MEMORANDUM OF POINTS & AUTHORITIES

**1. THE STIPULATION IS NEITHER BASED UPON SOUND JUDGMENT OR THE BEST INTERESTS OF THE PARTIES DUE TO THE FAILURE TO CONSIDER THAT ITS EFFECT WILL RESULT IN EXTENSIVE FURTHER LITIGATION IN TWO SEPARATE COURTS**

Pursuant to 11 U.S. Code §704 (Duties of Trustee) {in pertinent parts):

"**(a)** The trustee shall—

**(1)** collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest;

**(2)** be accountable for all property received;

**(3)** ensure that the debtor shall perform his intention as specified in section 521(a)(2)(B) of this title;

**(4)** investigate the financial affairs of the debtor;

**(5) if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper;**

**(7)** unless the court orders otherwise, furnish such information concerning the estate and the estate's administration as is requested by a party in interest;

**(9)** make a final report and file a final account of the administration of the estate with the court and with the United States trustee." [emphasis added].

In the instant matter, it is submitted that the Trustee did not fully examine the proofs of claims submitted by PRAVATI (Paragraph 5 above), did not furnish the information concerning the bankruptcy estate ('Estate") as requested by the party in interest (who in this case, WITZER submits is himself), nor did he fully investigate the affairs of the Debtor such as the erroneous assertion that $13 million had been mis-appropriated by the Debtor.  Instead, YOO relied solely on PRAVATI's contentions without considering the correct facts and in that regard, his proposed STIPULATION is not

7

based upon sound judgment having failed to consider correct computations and including confusing

terms of the STIPULATION which are not fully explained therein.  Furthermore, the mistaken

allegations of insolvency which precluded a proper evaluation of the Debtor's portfolio which is, in

point of fact, PRAVATI's own internal protocols required that their due diligence valuation will have

been at least $18 million for the portfolio to have agreed to advance the $6 million as was agreed.

Pursuant to 11 USC §547, the Trustee is required to avoid preference provisions not directed at

wrongdoing but, instead, they work to promote equality of treatment among creditors. (citing *Sampsell*

*v. Imperial Paper Corp.* 313 US 215 (1941); *Barash v. Public Finance Corp.* 658 F2d 504 (7th Cir.

1981) and *In re Caso Products, Inc.* 23 BR 245 (Banker ED Mich. 1982).  The Bankruptcy Code

provides as follows:

C. PREFERENCES [§ 547]

1.  Introduction

a) Preference avoidance provisions are not directed at wrongdoing per se on

anyone's part; instead, they work to promote equality of treatment among

creditors [See *Sampsell v. Imperial Paper Corp.*, 313 U.S. 215 (1941); *Barash*

*v. Public Finance Corp.*, 658 F.2d 504 (7th Cir. 1981)] and discourage

dismemberment of the debtor [see *In re Caso Products, Inc.*, 23 B.R. 245

(Bankr. E.D. Mich. 1982)].

b) While many transactions (such as liens not sufficiently perfected to be valid

against trustee) can be attacked as preferences, the more stringent requirements

for preference avoidance often require attack on some other ground (e.g.,

§ 544(a).

2. Definition of Voidable Preference [§ 547(b)]

The trustee may avoid:

a) any transfer

b) of property of the debtor

PARTY IN INTEREST, BRIAN D. WITZER'S, OPPOSITION TO TRUSTE'S MOTION FOR APPROVAL OF SETTLEMENT
AGREEMENT;  MEMO. OF PTS. & AUTHS. AND DECLARATION OF BRIAN D. WITZER, ESQ. IN SUPPORT THEREOF

c) to or for the benefit of a creditor

d) for or on account of an antecedent debt

e) made while the debtor was insolvent

3. Elements of Voidable Preference

a) Transfer

(1) § 101(50) definition: ". . . every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest."

In the instant matter, the Trustee did not consider any avoidable Preferences of PRAVATI but rested his proposed STIPULATION primarily on the contentions of PRAVATI.

## II.    THE AGREEMENTS WERE VOID FROM THEIR INCEPTION AS AGAINST PUBLIC POLICY PROHIBITING FEE SHARING AND ENTERING INTO A LAW RELATED BUSINESS RELATIONSHIP WITH A NON-LAWYER IN VIOLATION OF BOTH THE ARIZONA AND CALIFORNIA *RULES OF PROFESSIONAL CONDUCT.*

### A. <u>Legal Standard</u>

The California Supreme Court in S*heppard, Mullin, Richter & Hampton, LLP v. J-M Manufacturing Co., Inc.* (2018) 6 Cal.5th 59 reaffirmed that courts vitiate agreements which violate any public policy, not simply those enshrined in statute, nor indeed, only those statutes which expressly authorize voiding an illegal agreement.

The Arbitration Award and subsequent Court Order are legally erroneous to the extent it held that a court may only void an agreement if authorized to do so by statute because the California Supreme Court in *Sheppard Mullin* (supra at pg. 79) held that "...a contract may be held invalid and unenforceable on public policy grounds even

though the public policy is not enshrined in a legislative enactment." *Sheppard, Mullin, Richter & Hampton LLP v. J-M Manufacturing Co., Inc.* (supra).   In that case, the petitioner sought to uphold its retainer agreement by attempting to distinguish the rule set forth by the Supreme Court seventy years earlier in *Loving & Evans v. Blick* (supra) that contracts that violated public policy, including those reflected in a specific statutory scheme, were void for illegality, by arguing that the rule only applied to contracts which specifically violated a statutory licensing scheme.[1]   The California Supreme Court squarely rejected that argument and reaffirmed a long line of case law that holds that violations of public policy, regardless of whether they are contained within a statute, are sufficient to render a contract illegal and unenforceable. *Sheppard Mullin,* (supra at 78–79); *All Points Traders, Inc. v. Barrington Associates* (1989) 211 Cal.App.3d 723, 259 Cal.Rptr. 780 (involving an unlicensed person); *Green vs. Mt. Diablo Hospital Dist.* (1968) 207 Cal.App.3d 63, 254 Cal.Rptr. 689 and *Bianco v. Superior Court* (1968) 265 Cal.App2d 63, 71 Cal.Rptr. 322.

    Under *Sheppard Mullin*, the Arbitration Award and subsequent Trial Court's Order that an illegal agreement may only be vitiated where the statute expressly prescribes such a remedy is legally erroneous because regardless of whether the CFL was codified at all, if PRAVATI's agreements ("Agreements") violated California public policy, then it is void.[2]

---

[1] Pravati's tact here is similar, though, even narrower than that of the petitioner in *Sheppard Mullin*, as it claims that only contracts which violate a statute containing an express provision authorizing the voiding of an illegal contract are subject to forfeiture.

[2] It is worth noting that contrary to the Court's Order, contracts which violate the RPC are *routinely* voided by California courts, *despite the fact that the RPC themselves are not codified in a specific statutory scheme and do not expressly authorize that remedy. Chambers v. Kay* (2002) 29 Cal.4th 142, 158; *Scolinos v. Kolts* (1995) 37 Cal.App.4th 635, 640 [holding referral fee agreement is unenforceable on public policy grounds]; *Margolin v. Shemaria* (2000) 85 Cal.App.4th 891, 902 [holding that failing to vitiate an attorney agreement which violated now

---

## B. **Factual Analysis**

PRAVATI's failure to obtain a lending license violates California public policy because the CFL is a "fundamental expression of California public policy." *Brack v. Omni Loan Co., Ltd.* (2008) 164 Cal.App.4th 1312, 1326. It embodies the public policy of "protecting borrowers against unfair practices by some lenders…and permitting and encouraging the development of fair and economically sound lending practices" (CFL sec. 22001(a)(4)-(5)). The CFL's licensing scheme regulates which individuals may be eligible to act as a lender (§ 22109), requires licensees to prepare annual reports and maintain records, and subjects them to the jurisdiction and oversight of the CFL commissioner. *Brack,* 164 Cal.App.4th at 1327.

Pravati Credit Fund III, LP, the actual entity that was party to the AGREEMENTs with the Debtor and WITZER was never licensed under the CFL at any relevant time herein—a fact undisputed by Respondent. Therefore, the Agreements violate the public policy which is enshrined by the CFL by allowing an unlicensed entity, comprised of unknown persons, to charge usurious interest without regulation, oversight, reporting, or maintenance of records. The Agreements also deprive borrowers, like the Debtor and WITZER of the CFL's protections. Therefore, because the Agreements violate fundamental California public policy, it was legally erroneous for the Arbitration Panel to determine that the Agreements were legal regardless of whether that remedy is expressly set forth in the commercial loan provisions of the CFL.

Finally, the STIPULATION cannot and should not deprive WITZER of any of

rule 5.4(a) regarding fee division would "thwart the focus and the object of rule [5.4], which is *consumer* protection, not *attorney* protection…"

**PARTY IN INTEREST, BRIAN D. WITZER'S, OPPOSITION TO TRUSTE'S MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT; MEMO. OF PTS. & AUTHS. AND DECLARATION OF BRIAN D. WITZER, ESQ. IN SUPPORT THEREOF**

his rights with respect to PRAVATI.  WITZER holds claims against PRAVATI which

he intends to pursue, including, but not limited to an appeal of the Judgment.

### III.    PRAVATI HAS MADE SEVERAL ADMISSIONS THAT THE AGREEMENTS WITH THE LAW OFFICES OF BRIAN D. WITZER, INC. WERE IN FACT LOANS AND NOT INVESTMENTS AS WELL AS ENGAGING IN A PATTERN OF PRACTICE IN MAKING MISREPRESENTATIONS TO THE COURT WITH THE INTENT TO DECEIVE BY NOT PROVIDING THE FULL   RECORD

In Mr. Chucri's (the CEO of PRAVATI) deposition, he admits that the Agreements

were, in fact, loans and not investments between an attorney and a non-attorney.  Specifically,

the deposition portion reads as follows [Pgs. 373, line 17 - 374, lines 5:

"Q.    And so does the principal stay the same all this way throughout?

A.    It increases.

Q.    And what does that mean?

A.    That means – that's the reason he had four loans.

Q.    Well, it increased because of other trenches, agreed?  But in ….

A.    No.

Q.    -- terms of adding interest, the interest is added to the principal balance, isn't it,

under the spreadsheet?

A.    **Every tranche is a different loan.**  [emphasis added]."

Furthermore, PRAVATI has made various other admissions in various statements in

documents including, but not limited to the Proof of Claim form 410 filed by PRAVATI on or

about July 6, 2021 which includes in item 8 ('What is the basis of the claim?) PRAVATI's

response, "Money loaned and judgment on breach of contract/fraud" as well as in other

documents filed in the Bankruptcy case.

Finally, PRAVATI's instant Motion as well as various other Motions and

representations to this Court have shown that PRAVATI engages in a pattern and practice of

1  making misrepresentations of facts concerning the issues in this case including but not limited

2  to the miscalculation of the interest, the false comments which were deliberately intended to

3  denigrate WITZER in his dealings with PRAVATI (i.e., that he misappropriated $13 million in

4  receivables, that he misused PRAVATI funds to pay off his personal mortgage, that he

5  voluntarily signed personal guarantees which were forced upon him by PRAVATI in order to

6
7  obtain the loans which were provided, and many other inconsistent and inaccurate renditions of

   what has occurred in this case.
8
9          It is respectfully submitted that this pattern and practice of misrepresentations made to

10  this Court should be considered in this Court's decision about approving the STIPULATION

11  proposed by Mr. Yoo.

12                              IV. **<u>CONCLUSION</u>**

13          It is therefore respectfully submitted that the STIPULATION should not be approved,

14  and the Motion should be denied.  Instead, WITZER respectfully requests that the Court adopt

15  the Proposed Revisions attached hereto as Exhibit "B" to be considered in lieu of the

16  STIPULATION.
17
18  Dated: May 16, 2023

19                                        Party In Interest Brian D. Witzer
                                          In Pro Per
20

21

22

23

24

25

26

27

28

PARTY IN INTEREST, BRIAN D. WITZER'S OPPOSITION TO TRUSTE'S MOTION FOR APPROVAL OF SETTLEMENT

## DECLARATION OF BRIAN D. WITZER

I, Brian D. Witzer, hereby state as follows:

1.   I am a Party In Interest in the above-captioned case and have read and reviewed the above Party in Interest Brian D. Witzer's  Opposition to Motion for Approval of Compromise Between Trustee and Pravati Credit Fund  III LP Pursuant to Rules of  Bankruptcy Procedure and the Memorandum of Points and Authorities in Support Thereof ("Opposition") and declare that each and every portion of said Opposition is true and correct to the best of my knowledge and recollection.

2.   I have also read and reviewed the attached Proposed Revisions to the Stipulation proposed by the Trustee, Timothy Yoo and also declare that each and every portion of said Proposed Revisions is true and correct to the best of my knowledge and recollection.  I also assert that the Proposed Revisions I am recommending to the Trustee and to this Court reflect the sound judgment of several experienced bankruptcy attorneys as well as taking into consideration the ramifications of the Proposal being submitted to this Court by the Trustee which, as stated in the above Opposition, will result in a myriad of further court litigation in both the Bankruptcy Court and the Los Angeles Superior Court in the post-judgment proceedings which have been generated by PRAVATI and have caused me and my family extreme emotional distress and undue hardship.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and was executed at Los Angeles, CA.

Dated: May 16, 2023

_____
Party in Interest Brian D. Witzer
In Pro Per

14

PARTY IN INTEREST, BRIAN D. WITZER'S  OPPOSITION TO TRUSTEE'S MOTION FOR APPROVAL OF SETTLEMENT

1

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

2

3      I am employed in the County of Los Angeles, State of California.  I am over the age of
18 and not a party to the within action; my business address is 2393 Venus Drive, Los Angeles,
California 90046.

4

5      On May 16, 2023, I caused to be served the foregoing document described as:

6      **PARTY IN INTEREST BRIAN D. WITZER'S OPPOSITION TO MOTION**
**APPROVAL OF COMPROMISE BETWEEN TRUSTEE AND PRAVATI CREDIT**
**FUND  III LP PURSUANT TO RULES OF BANKRUPTCY PROCEDURE;**
**MEMORANDUM OF  POINTS & AUTHORITIES AND DECLARATION OF**
**BRIAN D. WITZER, ESQ. IN SUPPORT THEREOF**

7

8

9      on the interested parties in this action as follows:

10     ()      the original

11     (x  )    a true copy addressed and delivered as follows:

12                     **SEE ATTACHED SERVICE LIST**

13     ()      **VIA MAIL as follows:** I am "readily familiar" with the firm's practice of collection and
processing correspondence for mailing.  Under that practice it would be deposited with U.S.
14     postal service on that same day with postage thereon fully prepaid at Los Angeles, California in
the ordinary course of business.  I am aware that on motion of the party served, service is
15     presumed invalid if postal cancellation date or postage meter date is more than one day after date
of deposit for mailing in affidavit.
16

17     (X)      **BY ELECTRONIC SERVICE**:  I served the above documents on the parties of this
case on attached service list by electronic mail.
18

19     ()      **BY PERSONAL SERVICE.**  I caused to be delivered such envelope(s) by hand to the
offices of the addressee(s).
20

21     ( )      **BY FACSIMILE.**  I caused such document(s) to be telephonically transmitted to the
offices of the addressee(s)

22     ( )      **BY OVERNIGHT MAIL.**  I placed true and correct copies of said document(s) in
sealed envelopes addressed as stated on the attached service list and caused such envelopes to be
23     sent by overnight mail via Federal Express or other such overnight delivery.

24     I declare under penalty of perjury under the laws of the State of California that the above
25     is true and correct.

26     Executed on May 16, 2023, at Los Angeles, California.

27                     _____/s/ Juanita Nanai_____
                              Juanita Nanai

28

PARTY IN INTEREST, BRIAN D. WITZER'S, OPPOSITION TO TRUSTE'S MOTION FOR APPROVAL OF SETTLEMENT
AGREEMENT;  MEMO. OF PTS. & AUTHS. AND DECLARATION OF BRIAN D. WITZER, ESQ. IN SUPPORT THEREOF

## SERVICE LIST

| Attorneys: | Representing: |
|---|---|
| Aram Ordubegian<br>Email address:  aram@arentfox.com | Pravati Credit Fund III, LP |
| Michael Brown<br>Email address:  mbrown@hrhlaw.com | Pravati Credit Fund III, LP |
| Timothy J. Yoo, Esq.<br>Email:  TJY@iNBYG.COM or<br>tyy@lnbyg.com | Bankruptcy Trustee for Brian D. Witzer |
| Monica Kim<br>Email address:  myk@lnbyg.com | Attorney for Trustee Timothy Yoo |
| Richard T. Baum<br>Email address:  rickbaum@hotmail.com | On behalf of interested party Ken Melrose |
| Reem J. Bello<br>Email address:  rbello@goeforlaw.com | On behalf of Interested Party Brian D. Witzer |
| Michael Jay Berger<br>Email address:<br>Michael.berger@bankuptcypower.com | On behalf of Interested Party Michael Jay Berger |
| Christopher L. Blank<br>Email address:  chris@chrisblanklaw.com | On behalf of Interested Party Louis Jay Arnold |
| Christopher D. Crowell<br>Email address:  ccrowell@hrhlaw.com | On behalf of Creditor Citibank N.A. |
| Sheila Esmaili<br>Email address:<br>selaw@bankruptcyhelpla.com | On behalf of Creditor Star Insurance Co. |
| Robert P. Goe<br>Email address:  rgoe@goeforlaw.com | On behalf of Interested Party Brian D. Witzer |
| Michael S. Kogan<br>Email address:<br>mkogan@koganlawfirm.com | On behalf of Debtor Law Offices of Brian D. Witzer, Inc. |
| Dare Law<br>Email address:  dare.law@usdoj.gov | On behalf of US Trustee |
| Elan S. Levey<br>Email address:  elan.levey@usdoj.gov | On behalf of creditor US Small Business Administration |
| David W. Meadows<br>Email address:<br>david@davidmeadowslaw.com | On behalf of Creditor Acosta & Associates, LLC |
| Annie Y. Stoops<br>Email address:  annie.stoops@afslaw.com | On behalf of Defendant Pravati Credit Fund III LP |
| US Trustee (LA)<br>Email address:<br>ustpregion16.la.ecf@usdoj.gov | US Trustee |
| Brian D. Walters<br>Email address:<br>bwalters@poolesshaffry.com | On behalf of Creditor Amicus Capital Group, Inc. |

**PARTY IN INTEREST, BRIAN D. WITZER'S, OPPOSITION TO TRUSTE'S MOTION FOR APPROVAL OF SETTLEMENT
AGREEMENT;  MEMO. OF PTS. & AUTHS. AND DECLARATION OF BRIAN D. WITZER, ESQ. IN SUPPORT THEREOF**

**EXHIBIT "A"**

*In re Law Offices of Brian D. Witzer, Inc.*, Bankr. Case No. 2:21-bk-12517-NB
*Law Offices of Brian D. Witzer, Inc. v. Pravati Credit Fund III, LLP*, Adv. Case No. 2:21-ap-01084-NB

### Binding Mediation Settlement

      This Binding Mediation Settlement (this "Settlement") sets forth the general terms of a settlement between the Law Offices of Brian D. Witzer, Inc. ("Debtor"), Brian D. Witzer ("Witzer"), and Pravati Credit Fund III LP ("Pravati"), or any of their successors-in-interest. Debtor, Witzer, and Pravati are sometimes referred to herein as the "Parties." This Settlement sets forth the basic terms of the Parties' agreement reached at Mediation but is intended to be supplemented by a formal settlement agreement which is consistent herewith ("Agreement"). This Settlement is binding.

| | |
|---|---|
| **1. Mutual Cease Fire, Cooperation, Releases, Claim Treatment** | 1.1. Pravati shall have an allowed undisputed secured claim in the principal amount of $9 million (the "Claim"), secured consistent with the UCC-1 filed by Pravati with the California Secretary of State and the Notice of Judgment Lien ("Judgment") filed with the California Secretary of State, both of which are valid and perfected in all regards. Pravati shall be entitled to assess interest on the Claim without interruption on the outstanding balance then due, at the rate of 10% per annum commencing on the date this Settlement is executed. |
| | 1.2. Upon the date an order dismissing the Bankruptcy Case is entered (the "Effective Date"), each of the Debtor and Witzer shall drop their appeals of the judgment and release with prejudice all claims against Pravati and its employees, agents, and affiliates, including but not limited to the claims pending in the adversary case, U.S. Bankr. C.D. Cal. Case no. 2:21-ap-01084. Pravati will release its claims against Debtor, including that Pravati will not pursue fraud claims (e.g., Wrobel, LFR). |
| **2. Collection Actions Against Witzer** | Pravati will retain its liens against Witzer, including his personal residence. Because of trust issues, Pravati retains sole discretion as to whether or not to proceed with collection actions against Witzer. Pravati's discretion shall include consideration of the spirit of this Agreement, not just the letter of it. Pravati does not currently intend to take such collection actions but needs to preserve its ability to take such actions in the event Debtor or Witzer attempt to circumvent or otherwise play games with the settlement or in the event Witzer's law license in the State of California is or becomes anything other than active. In the event of a breach by either Debtor or Witzer, or in the event Witzer's law license in the State of California is or becomes anything other than active, Pravati shall be entitled to immediately take any and all collection actions against Debtor. |
| **3. Banking Controls and Recordkeeping** | A third-party administrator (Richard J. Laski, or if he is unavailable or unwilling to agree to such appointment, a mutually agreed upon person by and between Pravati and the Debtor prior to execution of the Agreement) reporting to Debtor and Pravati and preparing monthly reports to Pravati will exclusively handle the Debtor's books and all financial/banking functions; this will include funding the |

Debtor's general account with the Debtor's portion of revenues generated in which the Debtor will be responsible for paying such amounts as are necessary for its ordinary business operations, after Pravati's portion is funded to Pravati. Neither Debtor nor Witzer shall have direct control over or access to any of Debtor's accounts other than the Debtor's one general operating account. This administrator will not perform unnecessary historical audits. At any time that the third-party administrator suspects that there may a breach by Debtor or Witzer, the third-party administrator is instructed to immediately prepare a report and submit such report to Debtor and Pravati and Pravati may use such report to seek the appointment of a receiver over the Debtor; alternatively, Pravati may institute an involuary bankruptcy petition over Debtor and/or Witzer. The Agreement will amend Debtor's governance documents (e.g., corporate charter, bylaws) to be made consistent in all respects.

**4. Qualified Settlement Fund**    All revenues and monies Debtor receives will be deposited into a pre-approved trust account for disbursement by the administrator in accordance with the terms of this Settlement. Any payments made to Pravati from the Effective Date on shall reduce the then outstanding balance owed under this Agreement.

**5. Proceeds, Priorities, and Payments**    5.1. At all times while Pravati's Claim is unsatisfied, Debtor shall remit payment on said Claim to Pravati at the rate of 50% of all revenues and recoupments, neither of which shall be subject to reduction. Debtor is free to negotiate with creditors regarding the remaining 50% of revenues and recoupments. As to Pravati's 50%, Debtor (i.e., the third-party administrator) shall continue to comply with the process set forth in Paragraph 3 of the Court's July 22, 2021 *Order Modifying Adequate Protection Under 11 U.S.C. Section 363(e)* [Dkt. 161] except that, upon Pravati's approval of a proposed disbursement, Pravati's 50% share shall be delivered directly to Pravati via wire transfer before the remaining 50% may be disbursed to the Debtors general operating account.  Notwithstanding anything discussed in the paragraphs above, Pravati will be paid in full on the outstanding balance then due Pravati from the *Trejo* matter before Debtor or Witzer may take any portion, including to pay their creditors.

5.2. Immediately upon the Effective Date of the Agreement, Debtor shall release, relinquish all rights in, and deliver to Pravati via wire all monies in California Bank & Trust checking account ending in 6648 (the "Pravati Trust Account"), which must result in a minimum remittance of $42,550.00 and shall not be subject to reduction. However, this amount shall be subject to automatic increase in the event other cases are resolved and disbursements are approved.

5.3. Immediately upon the Effective Date, Pravati will release, relinquish all rights in, and allow the Debtor to transfer all withheld funds to its DIP account for use by the Debtor for its continuing business operations (Mendoza ($14,166.67), Robles ($58,000), and

relinquish all rights in, and allow the Debtor to transfer all withheld funds to its DIP account for use by the Debtor for its continuing business operations (Mendoza ($14,166.67), Robles ($58,000), and Perez ($71,000).

5.4. Within seven calendar days of the Effective Date, Witzer individually will deliver to Pravati via wire an initial, good-faith payment of $50,000. None of the other payments referenced herein shall count toward this amount.

5.5. Notwithstanding the foregoing, Debtor shall on or before the first business day of each month during which Pravati's Claim is unsatisfied remit payments of $25,000 commencing on July 1, 2022

5.6. The Parties Agree to request dismissal of the bankruptcy case upon the execution by all Parties of a definitive Agreement. In the event the Bankruptcy Case is not dismissed on or before May 31, 2022, Paragraphs 1, 2, and 5.2-5.6 hereof shall remain in full force and effect; May 26, 2022 shall be the "Effective Date"; and Debtor and Witzer consent to Pravati's requesting bankruptcy court approval of this Settlement in its sole discretion. In the event the parties fail to enter into the Agreement on or before May 25, 2022, May 26, 2022 shall be the "Effective Date", notwithstanding this Settlement remains binding, and Pravati may but need not request a dismissal.

Agreed to and accepted as of this 10th day of May, 2022 by:

LAW OFFICES OF BRIAN D. WITZER, INC.
By: _____
Title: _____ PRINCIPAL _____

BRIAN D. WITZER
Signed: _____

PRAVATI CREDIT FUND III LP
By: _____
Title: _____ CEO _____

**EXHIBIT "B"**

1  BRIAN D. WITZER, ESQ
   In Pro Per
2  2393 Venus Drive
   Los Angeles, CA 90046
3  Tel:  (310) 777-5999
   Fax: (310) 777-5988
4

5  PARTY IN INTEREST, IN PROPRIA PERSONA

6

7                   UNITED STATES BANKRUPTCY COURT

8                   CENTRAL DISTRICT OF CALIFORNIA

9                         LOS ANGELES DIVISION

10

11

12  In re:                               )  Case No. 2:2021-bk-12517-NB
                                         )
13  LAW OFFICES OF BRIAN D. WITZER, INC. )  Chapter 7
                                         )
14                                       )  **PROPOSED REVISIONS TO STIPULATION**
    vs.                                  )  **BETWEEN TRUSTEE AND PRAVATI**
15                                       )  **CREDIT FUND III LP FOR ALLOWANCE**
                                         )  **OF CLAIM AND PAYMENT OF THE**
16  LAW OFFICES OF BRIAN D. WITZER, INC.,)  **ESTATE'S ADMINISTRATIVE FEES AND**
    California corporation; BRIAN D. WITZER, )  **EXPENSES AND UNSECURED CLAIMS**
17  an individual; and DOES 1-20, inclusive, )  **FROM COLLATERAL SOURCE**
                                         )
18                Defendants.            )  *[Filed concurrently with WITZER'S*
                                         )  *Opposition to Trustee's Motion for Court*
19                                       )  *Approval of Settlement Agreement of*
                                         )  *Pravati's Claims against the Estate of*
20                                       )  *the Law Offices of Brian D. Witzer, Inc.]*
                                         )
21                                       )  *[Hearing Required as Objection was*
22                                       )  *filed – Local Bankruptcy Rule 9013-1(o)]*
                                         )
23                                       )
                                         )
24  _____)

25  **TO THE HONORABLE JUDGE NEAL BASON, ALL PARTIES AND THEIR**

26  **ATTORNEYS OF RECORD:**

27

28

                                         1

Person of Interest, BRIAN D. WITZER, ESQ. (hereinafter 'WITZER") in the Stipulation and Settlement Agreement (hereinafter "STIPULATION") proposed by the Trustee, Timothy Yoo (hereinafter 'YOO") hereby submits proposed revisions to said STIPULATION as follows: [revisions or additions are in italics and deletions have strike-out lines through them}:

**WHEREAS**, Pravati is engaged in the business of providing litigation funding to law firms.    Beginning in December 2017, Pravati advanced the Debtor monies to fund its prosecution of cases and other matters. Following the Debtor's and its principal's breach of their agreements with Pravati, the parties participated in binding arbitration, wherein an arbitration panel issued a final and binding arbitration award in favor of Pravati and against the Debtor and Mr. Witzer personally in the amount of $7,981,502.22. Thereafter, Pravati filed an action against the Debtor and Mr. Witzer in the California Superior Court, Los Angeles County, Case No. 19SMCV02046 seeking to confirm the arbitration award (the "Confirmation Case"). On December 21, 2020, Pravati obtained a judgment in favor of Pravati and against the Debtor and Mr. Witzer, jointly and severally, in the principal sum of $7,981,502.22 (the "Judgment"), which Debtor ~~attempted to~~ *is likely to appeal* ("Appeal").

~~**WHEREAS,** following the Petition Date, Pravati filed a proof of claim (claim no. 11-1) asserting a secured claim of no less than $10,945,900.44 ("Claim No. 11"). Pravati alleges Claim No. 11 is secured by virtue of: (1) a notice of judgment lien Pravati had on December 29, 2020 filed with the California Secretary of State ("NOJL"); and (2) a UCC-1 Financing Statement Pravati had filed on February 16, 2018 with the California Secretary of State, disclosing its interest in the Collateral, Doc. No. 67960200002 ("UCC-1").~~

**WHEREAS**, *Pravati's claim, based upon the Los Angeles Superior Court Judgment of $7,981,502 and with the accurate computation of post judgment interest, should actually be*

*$8,195,800 (based upon the Judgment of $7,981,502 plus 98 days of interest at $214,298), and no more as Pravati, in addition to not providing the accurate post judgment interest amount, did not submit any claims as listed in its Claim No. 11 including but not limited to a quarterly additional fee of $8,000 as of December 21, 2020, a Post [Arbitration] Award Pre Judgment Interest in the amount of $2,438,393.40, hourly fees in the amount of $7,692.50 for attorneys Shane Ham and Ian Abaie, both of whom are Pravati in-house counsel, AAA fees in the amount of $149,403.84, $114,077.02 for Fernald Law expenses, $3,828.18 for Interpleader and $23,511.63 for Chora Young (initial BK counsel).*

**WHEREAS**, Amicus Capital Group, LLC ("Amicus") asserts a claim against the estate allegedly secured by substantially all of the estate's assets. Specifically, Amicus filed a proof of claim (claim no. 8-1) seeking a secured claim in the amount of approximately $487,000, allegedly perfected via a "UCC-1 Financing Statement" which Amicus did not attach to its Proof of Claim. Despite that Amicus' UCC financing statement contains an error in Debtor's name ("Law Offices of Brian.D.Witzer, Inc.") and that Debtor could not locate Amicus' financing statement, Debtor sought to stipulate to the validity of Amicus' claim. [Dkt. No. 254; *see also* Dkt. No. 57, pg. 4 §14]. Pravati filed a motion seeking to disallow Amicus' claim and pointing out that Debtor's stipulation with Amicus is inconsistent with Debtor's argument with respect to Pravati's UCC-1 financing statement ("Amicus Motion"). The Amicus Motion is pending before the Bankruptcy Court and asserts grounds including unfair favoritism.

**WHEREAS,** the only other creditor asserting a secured claim is the U.S. Small Business Association ("SBA"), which filed a proof of claim (claim no. 1-1) seeking a secured claim in the amount of approximately $154,808.22. Debtor stipulated that SBA shall have an allowed secured claim, which stipulation the Court approved when no party opposed to such treatment. [Dkt. No. 247].

PARTY IN INTEREST BRIAN D. WITZER'S PROPOSED REVISIONS TO PROPOSED STIPULATION & SETTLEMENT
AGREEMENT BETWEEN THE TRUSTEE AND PRAVATI ET AL

**WHEREAS**, the primary asset of the estate is recoveries, revenues, and reimbursements from cases that were previously handled by the Debtor ("Collateral"), which is also subject to the liens of Pravati. Pravati and the Trustee have a common interest in minimizing estate expenses while collecting on the Collateral and any and all other assets for the benefit of all of the estate's creditors, including Pravati and unsecured creditors. *Attached hereto, marked Exhibit "1" and incorporated by this reference thereto is the Proof of Claim (#11) filed by PRAVATI which contains a complete list of the recoveries, revenues and reimbursements which the Debtor has obtained and is purported to constitute the total list of such case recoveries that are to be constituted as 'Collateral' as is defined in this STIPULATION.*

**WHEREAS**, the Trustee has investigated the claims filed by Pravati and Amicus and other matters that are relevant to the administration of this case and have negotiated the terms of a compromise with Pravati concerning Pravati's claim in this case, the Amicus Motion, and the Trustee's continuing use of the estate's cash which may constitute the cash collateral of Pravati that the Trustee believes is in the best interests of the estate. Specifically, due in part to the dismissal of the *Trejo* case with prejudice and the conversion of this bankruptcy case from a reorganization under Chapter 11 to a liquidation under Chapter 7, it is not economical to engage in time-consuming litigation with respect to the estate. Instead, it is now in the estate's interest to minimize further expenditures.

*WHEREAS, the Trustee is aware of the likelihood of an appeal by WITZER of the Los Angeles Superior Court Case No. 19SMCV02046 and that the dismissal of the appeal shall not affect WITZER's legal right to appeal the Court's Judgment, is further aware that the dismissal of the adversary claim is also likely to result in WITZER filing a Chapter 7 Bankruptcy case personally (due to the personal guarantees in the underlying agreements between the Law*

**4**

**PARTY IN INTEREST BRIAN D. WITZER'S PROPOSED REVISIONS TO PROPOSED STIPULATION & SETTLEMENT
AGREEMENT BETWEEN THE TRUSTEE AND PRAVATI ET AL**

*Offices of Brian D. Witzer, Inc. and Pravati) and that there have been several motions in the Superior Court filed by Pravati in post-judgment collection proceedings (which are likely to continue and result in further litigation), it is also in the best interests of the Estate, Pravati and WITZER for Pravati to rescind the personal guarantees and dismiss the post collection proceedings (ie, dismiss the entire Superior Court case with prejudice against WITZER) and account for Pravati's loss of that legal right by an addendum to this STIPULATION which can be negotiated between the Trustee, Pravati and WITZER within the next 30 days. A copy of the Addendum will be attached to this STIPULATION when it is finalized, marked Exhibit 2 and will be incorporated herein by this reference thereto.*

**NOW, THEREFORE,** based upon the foregoing recitals, the parties stipulate and agree, subject to *the* Bankruptcy Court approval, as follows:

### AGREEMENTS

*1.*        Pravati Secured Claim.    The Trustee, for and on behalf of the estate, acknowledges and agrees that Pravati holds a valid, enforceable, perfected, and unavoidable security interest by virtue of its NOJL and UCC-1 in the amount asserted on its Claim No. 11. The priority of Pravati's lien shall be junior only to the lien asserted by the SBA, unless the lien asserted by Amicus is determined to be senior in priority to Pravati's lien. Upon the entry of a final, non-appealable order approving this Stipulation, the Trustee shall dismiss (i) the Adversary Proceeding, including the motion for partial summary judgment pending in the Adversary Proceeding, and (ii) the Appeal, with prejudice *(understanding that if the attached Addendum does not resolve the personal guarantees of WITZER, WITZER has the legal right to file an Appeal of the Los Angeles Superior Court Judgment).*

2.        Pravati Unsecured Claim. To the extent Pravati is not paid in full on account of its Claim No. 11, Pravati shall be allowed an unsecured claim for the remaining outstanding balance of its Claim No. 11.

---
5

3.    <u>Amicus Motion</u>.  Pravati agrees to continue to diligently prosecute, in good faith, the Amicus Motion for the disallowance of the secured claim filed by Amicus which is pending before the Bankruptcy Court.

4.    <u>Carve-Out.</u>  The estate shall pay its administrative expenses, including, without limitation, any and all reasonable fees and costs incurred by the estate's professionals in the amounts to be allowed by orders of this Court and/or payment of such fees and costs, and thirty percent (30%) of the remaining proceeds received from the Collateral (i.e., after paying the estate's administrative expenses) to allowed claims of unsecured creditors. Pravati further reserves its right to review and, if necessary, object to any proof of claim filed against the estate. *Attached hereto, marked Exhibit 3 is an Itemized List of the Administrative Expenses which this Court will allow subject to proof of said administrative expenses to the satisfaction of this Court.*

5.    <u>Bankruptcy Court Order</u>.  This Stipulation is subject to approval of the Bankruptcy Court. The Trustee shall promptly submit this Stipulation and use its best efforts to obtain an order of the Bankruptcy Court approving this Stipulation.

Respectfully submitted,

Dated: April __, 2023                LEVENE, NEALE, BENDER, YOO & GOLUBCHIK, L.L.P.

By:    _____
Monica Y. Kim
Counsel for Timothy J. Yoo, Chapter 7 Trustee

Dated: April ___, 2023                ARENTFOX SCHIFF LLP

By:    _____
Aram Ordubegian
Annie Y. Stoops
Counsel for Pravati Credit Fund III LP

Dated: April ___, 2023                _____
Brian Witzer, In Pro Per
Attorney for Party In Interest
Brian D. Witzer, Esq.

**EXHIBIT "1"**

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Law Offices of Brian D. Witzer, Inc. |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Central District of California |
| Case number | 2:21-bk-12517-NB |

Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Pravati Credit Fund III LP
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Pravati Capital, LLC
Name

4400 N. Scottsdale Rd., #9277
Number      Street

Scottsdale          AZ          85251
City                State        ZIP Code

Contact phone  844-772-8284

Contact email  alex@pravaticapital.com

Where should payments to the creditor be sent? (if different)

Name

Number      Street

City                State        ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

— — — — — — — — — — — — — — — — — — — — — — — — —

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.  Claim number on court claims registry (if known) _____

Filed on _____
         MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.  Who made the earlier filing? _____

**Part 2:    Give Information About the Claim as of the Date the Case Was Filed**

6. **Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

7. **How much is the claim?**    $ _____ 10,945,900.44 . **Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

__Money loaned and judgment on breach of contract/fraud__

9. **Is all or part of the claim secured?**

☐ No

☑ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☑ Other. Describe:    __All Debtor's prop. including interest in settlements/judgments__

**Basis for perfection:**    __UCC Financing Statement and UCC Judgment Lien__

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**    $ __10,945,900.44__

**Amount of the claim that is secured:**    $ __10,945,900.44__

**Amount of the claim that is unsecured:**  $ _____ 0.00 (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $ __10,945,900.44__

**Annual Interest Rate** (when case was filed) __10.00__ %

☑ Fixed

☐ Variable

10. **Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $ _____

11. **Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No | Amount entitled to priority |
| | ☐ Yes. *Check one:* | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

---

**Part 3:**   **Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   07/06/2021
                   MM / DD / YYYY

/s/ Cameron H. Totten
_____
Signature

**Print the name of the person who is completing and signing this claim:**

| | | | |
|---|---|---|---|
| Name | Cameron | H. | Totten |
| | First name | Middle name | Last name |
| Title | Attorney | | |
| Company | CHORA YOUNG & MANASSERIAN LLP | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 650 Sierra Madre Villa Ave., Ste. 304 | | |
| | Number        Street | | |
| | Pasadena | CA | 91107 |
| | City | State | ZIP Code |
| Contact phone | 626.744.1838 | Email | cameron@cym.law |

---

# ATTACHMENT

Account Summary

Law Office of Brian D. Witzer

| | | Tranche 1 | Tranche 2 | Tranche 3 | Tranche 4 |
|---|---|---|---|---|---|
| Net Funded | | 4,500,000.00 | 1,500,000.00 | 1,000,000.00 | 1,000,000.00 |
| Obligation F. | 5% | 268,000.00 | 115,000.00 | 51,000.00 | 51,000.00 | 51,000.00 |
| Int. Reserve | | 1,765,250.00 | 1,004,450.00 | 729,000.00 | 729,000.00 | 741,450.00 |
| Gross Funded | | 7,563,250.00 | 1,789,400.00 | 1,780,900.00 | 1,780,900.00 | 1,292,450.00 |
| Rate | | 3.90% | 1.90% | 3.90% | 3.90% | 1.34% |
| Date of initial Funding | | 12/15/2017 | 12/15/2017 | 2/28/2018 | 4/10/2018 | |
| Quarterly Fee | | 8,000.00 | 9,000.00 | - | - | 5/11/2018 |
| Default Interest | | 0.50% | 0.50% | 0.50% | 0.50% | 0.50% | 0.33% |

| Notes | Tranche | Date | Advance | Interest | Quarterly Fee | Int. Reserve | Payment | Balance | | Int. Res. Balance | Payoff | Accrued Int. | Principal | Accrued Fees |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Judgment | | 12/23/2020 | | | | | | | 7,981,502.55 | | 7,981,502.55 | 7,981,502.55 | | |
| Interest | All | 12/23/2020 | | 66,512.52 | 8,000.00 | | | | 8,056,015.07 | 66,512.52 | 7,981,502.55 | | 8,000.00 |
| Interest | All | 1/23/2021 | | 66,512.52 | | | | | 8,122,527.59 | 133,523.04 | 7,981,502.55 | | 8,000.00 |
| Interest | All | 2/23/2021 | | 66,512.52 | | | | | 8,189,040.11 | 196,537.56 | 7,981,502.55 | | 8,000.00 |
| Interest | All | 9/23/2021 | | 2,217.08 | | | | | 8,191,257.2v | 201,754.69 | 7,981,502.55 | | 8,000.00 |
| Interest | All | 9/22/2021 | | 2,217.08 | | | | | 8,193,474.28 | 203,971.73 | 7,981,502.55 | | 8,000.00 |
| Interest | All | 3/23/2021 | | 2,217.08 | | | | | 8,195,691.17 | 206,188.82 | 7,981,502.55 | | 8,000.00 |
| Interest | All | 3/24/2021 | | 2,217.08 | | | | | 8,197,908.41 | 208,405.90 | 7,981,502.55 | | 8,000.00 |
| Interest | All | 3/25/2021 | | 2,217.08 | | | | | 8,200,125.51 | 210,622.98 | 7,981,502.55 | | 8,000.00 |
| Interest | All | 3/28/2021 | | 2,217.08 | | | | | 8,202,342.61 | 212,840.07 | 7,981,502.55 | | 8,000.00 |
| Interest | All | 3/27/2021 | | 2,217.08 | | | | | 8,204,550.79 | 215,057.15 | 7,981,502.55 | | 8,000.00 |
| Interest | All | 3/28/2021 | | 2,217.08 | | | | | 8,206,776.79 | 217,274.24 | 7,981,502.55 | | 8,000.00 |
| Interest | All | 3/29/2021 | | 2,217.08 | | | | | 8,208,993.67 | 219,491.32 | 7,981,502.55 | | 8,000.00 |

Good Through BK Date of 03/29/2021

| | | |
|---|---|---|
| Judgment | $ | 7,981,502.55 |
| Post Judgment Interest | $ | 219,491.32 |
| Post Award- Pre Judgment Interest | $ | 2,458,599.60 |
| Quarterly fees | $ | 8,000.00 |

Present Hourly (As of 03/29/2021)

| | | |
|---|---|---|
| Ian | $ | 4,717.50 |
| Shane | $ | 2,975.00 |
| | $ | 7,692.50 |

AAA Fees

| | | |
|---|---|---|
| 1/5/2018 | $ | 3,850.00 |
| 4/30/2018 | $ | 8,275.00 |
| 5/8/2018 | $ | 7,500.00 |
| 6/12/2018 | $ | 8,475.00 |
| 8/15/2018 | $ | 73,760.00 |
| 8/21/2018 | $ | 1,506.83 |
| 8/5/2011 | $ | 37.51 |
| 9/18/2018 | $ | 20,000.00 |
| 9/18/2018 | $ | 20,000.00 |
| 10/01/2019 | $ | 3,955.00 |
| 10/21/2019 | $ | 3,955.00 |
| Total | $ | 149,408.06 |

Fornald Law
Expenses After 7/2018

| | | |
|---|---|---|
| 1485.7 | | 4,521.80 |
| 1389.3 | | 3,563.90 |
| 15890 | | 5,818.25 |
| 1585.1 | | 8,872.34 |
| 13562 | | 15,192.09 |
| 13760 | | 8,414.29 |
| 13700 | | 2,567.23 |
| 13668 | | 14,844.63 |
| 13469 | | 962.90 |
| 13568 | | 7,079.64 |
| 15678 | | 1232.50 |
| 1451.0 | | 547.60 |
| 14210 | | 3114.90 |
| 14210 | | 21,794.35 |
| 14311 | | 595.36 |
| 14314 | | 695.17 |
| 14414 | | 4590.01 |
| 14412 | | 10951.17 |
| | $ | 114,077.62 |

Interpleader

| | | |
|---|---|---|
| 341.3 | | 1.97 |
| 14111 | | 382.50 |
| 14213 | | 1141.64 |
| 14315 | | 94 |
| | $ | 1,828.18 |

Chora Young
Expenses (L/until 03/29/2021)    $    4,608.53
Fees (L/until 03/29/2021)    $    18,005.10

Payoff (03/29/2021)    [redacted]



U200039995943



**STATE OF CALIFORNIA**
*Office of the Secretary of State, Alex Padilla*
**NOTICE OF JUDGMENT LIEN (JL 1)**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
|---|
| **-FILED-** |
| File #: U200039995943 |
| Date Filed: 12/29/2020 |

**Submitter Information:**

| | |
|---|---|
| Contact Name | |
| Organization Name | Chora Young & Manasserian LLP |
| Phone Number | (626) 744-1838 |
| Email Address | dionne@chorayoungllp.com |
| Address | DIONNE HARVEY |
| | 650 SIERRA MADRE VILLA AVE. |
| | 304 |
| | PASADENA, CA 91107 |

**Judgment Debtor Information:**

| Judgment Debtor Name | Mailing Address |
|---|---|
| Law Offices of Brian D. Witzer, Inc. | Brian D. Witzer<br>2393 Venus Dr.<br>Los Angeles, CA 90046 |
| Brian D Witzer | Brian D. Witzer<br>2047 Sunset Plaza Dr.<br>Los Angeles, CA 90069-1317 |

**Judgment Creditor Information:**

| Judgment Creditor Name | Mailing Address |
|---|---|
| Pravati Credit Fund III | Alexander Chucri<br>4400 N. Scottsdale Rd.<br>#9277<br>Scottsdale, AZ 85251 |

**Judgment Information:**

| | |
|---|---|
| A. Name of Court Where Judgment Was Entered | Superior Court of California, County of Los Angeles |
| B. Title of the Action | Pravati Credit Fund III LP |
| C. Case Number | 19SMCV02046 |
| D. Date Judgment Was Entered | 12/21/2020 |

| E. Date(s) of Subsequent Renewal of Judgment (if any) |
|---|
| None Entered |

| | |
|---|---|
| F. Date of This Notice | 12/29/2020 |
| G. Amount Required to Satisfy Judgment at This Date of Notice | $7,985,915.65 |

All property subject to enforcement of a Money Judgment against the Judgment Debtor to which a Judgment Lien on personal property may attach under Section 697.530 of the Code of Civil Procedure is subject to this Judgment Lien.

**Declaration and Signature:**

| | |
|---|---|
| Declaration: | I am representing the legal firm that is the Attorney of Record for the Judgment Creditor. |
| Organization Name: | Chora Young & Manasserian, LLP |

☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Page 1 of 2

B0356-4640 12/29/2020 4:43 PM Received by California Secretary of State

_Dionne Harvey_                                            _12/29/2020_

Sign Here                                                  Date

# UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

| | |
|---|---|
| A. NAME & PHONE OF CONTACT AT FILER (optional)<br>Alex Chucri<br>4802337304 | |
| B. E-MAIL CONTACT AT FILER (optional) | |
| C. SEND ACKNOWLEDGMENT TO: (Name and Address)<br>Pravati Capital, LLC<br>4400 N Scottsdale Rd # 9277<br>Scottsdale, AZ 85251<br>USA | **DOCUMENT NUMBER:** 67960200002<br>**FILING NUMBER:** 18-7633889609<br>**FILING DATE:** 02/16/2018 15:31<br><br>IMAGE GENERATED ELECTRONICALLY FOR WEB FILING<br>THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY |

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| | | | | | |
|---|---|---|---|---|---|
| OR | 1a. ORGANIZATION'S NAME<br>Law Office of Brian D. Witzer | | | | |
| | 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS<br>2393 Venus Drive | CITY<br>Los Angeles | STATE<br>CA | POSTAL CODE<br>90049 | | COUNTRY<br>USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| | | | | | |
|---|---|---|---|---|---|
| OR | 2a. ORGANIZATION'S NAME | | | | |
| | 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | | COUNTRY |

3. SECURED PARTY'S NAME (OR NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| | | | | | |
|---|---|---|---|---|---|
| OR | 3a. ORGANIZATION'S NAME<br>Pravati Credit Fund III, LP on Behalf of Pravati Capital, LLC | | | | |
| | 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS<br>4400 N. Scottsdale Rd. suite 9277 | CITY<br>Scottsdale | STATE<br>AZ | POSTAL CODE<br>85251 | | COUNTRY<br>USA |

4. COLLATERAL: This financing statement covers the following collateral:

All of Borrower's interest, now owned or hereafter acquired, in or under any written or oral fee agreement, contract, billing, invoice or loan (each being hereinafter referred to as a "Contract"), including without limitation, all accounts, account receivable, and general intaigbles now or hereafter accuring under any Contract and all fees, distributions, payments, proceeds, preferences and other benefits which Debtor now is or may hereafter become entitled to receive with respect to any Contract.

Case list: Christopher Trejo, Carolyn Hamel, The estate of Ezat Rezvani, Sheronda Brown, Tasha Tolliver, and Raymond McKinney on behalf of Isabel McKinney, Tom Wilson on behalf of Dawn Wilson, Sabrina Johnson, Mustapha Oyejide, James Gresham, Valerie Brooks, Reyes
Miller, Jose Ibarra, Billie Bennett, Helga Kasha, Ginjah Eimes, Olivia Villa, Marcelino Luna, Dhanessa Encinas, Manuel Rodriguez, Cindy Perez, Juan Moncado, Thomas Almaguer, James Salter, Malicia Cocharan- Thomas, Luis Torres, Rafael Garcia, Kenneth Brown, Iva

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and instructions)    ☐ being administered by a Decedent's Personal Representative

| 6a. Check only if applicable and check only one box: | 6b. Check only if applicable and check only one box: |
|---|---|
| ☐ Public-Finance Transaction    ☐ Manufactured-Home Transaction    ☐ A Debtor is a Transmitting Utility | ☐ Agricultural Lien    ☐ Non-UCC Filing |

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor    ☐ Consignee/Consignor    ☐ Seller/Buyer    ☐ Bailee/Bailor    ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:

FILING OFFICE COPY

## UCC FINANCING STATEMENT ADDENDUM

FOLLOW INSTRUCTIONS

**9. NAME OF FIRST DEBTOR:** Same as line 1a or 1b on Financing Statement; if line 1b was left blank because individual Debtor name did not fit, check here ☐

**9a. ORGANIZATION'S NAME**
Law Office of Brian D. Witzer

**9b. INDIVIDUAL'S SURNAME**

**FIRST PERSONAL NAME**

**ADDITIONAL NAME(S)/INITIAL(S)**    | SUFFIX

DOCUMENT NUMBER: 67960200002

IMAGE GENERATED ELECTRONICALLY FOR WEB FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**10. DEBTOR'S NAME:** Provide (10a or 10b) only one additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c

**10a. ORGANIZATION'S NAME**

**10b. INDIVIDUAL'S SURNAME**

**INDIVIDUAL'S FIRST PERSONAL NAME**

**INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S)**    SUFFIX

| 10c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

**11.** ☐ **ADDITIONAL SECURED PARTY'S NAME** or ☐ **ASSIGNOR SECURED PARTY'S NAME:** Provide only one name (11a or 11b)

**11a. ORGANIZATION'S NAME**

| 11b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|

| 11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

**12. ADDITIONAL SPACE FOR ITEM 4 (collateral):**
Tippett, Victoria Trotter, Isaiah Rodriguez, Shiela Kohr, Steven Solorio, Janet Portluck, Selena Vega, Juan Camacho - Gonzalez, Inri Coba, Edgar Diaz, Samantha Espinoza, David Garcia, Maria Padilla, Evelyn Spear, Fernando Hernandez, Nat Lee George, Charlee Pensak,
Dario Zavala, Greg Encinas, Anna Lopez, Olivia Obregon Salas, Joseph Guerra, Leticia Pineda, Norma, Jimenez, Francisco Arrieta, Raul Fernandez, Fernando Solis, Alejandra Hernandez, Barbara Billups, Nathaniel Howard
Joaquin Camargo, Marlyn Rivera, Berta Real, Lawrence Williams, Nathan Schwab, Oscar Robles, Carrie Cooper, Diane Goldberg, Jalota Sweet, Angelica Salazar Garcia, Joel Reyes, Karla Flores, Nicholas Matute, Herlinda Godoy Heredia, Christopher Medvin, Joshua Michel,

Javier Acevedo Jr., Benigna Rodriguez, Emanuel Osorio, Aruthur Mosqueda, Alexus Brent. As well as all future cases.

**13.** ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS (if applicable)

**14.** This FINANCING STATEMENT: ☐ covers timber to be cut ☐ covers as-extracted collateral ☐ is filed as a fixture filing.

**15.** Name and address of RECORD OWNER of real estate described in Item 16 (if Debtor does not have a record interest):

**16.** Description of real estate:

**17. MISCELLANEOUS:**

FILING OFFICE COPY

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

650 Sierra Madre Villa Ave., Ste. 304
Pasadena, CA  91107

A true and correct copy of the foregoing document entitled (*specify*): _____
PROOF OF CLAIM
_____
_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 07/06/2021_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See Attachment.

☑ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/06/2021 | Dionne Harvey | /s/ Dionne Harvey |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                 **F 9013-3.1.PROOF.SERVICE**

# ATTACHMENT

Michael Jay Berger –
email: michael.berger@bankruptcypower.com

Attorney for Law Offices of Brian D. Witzer

Christopher L. Blank
email:

Attorney for Louis Jay Arnold

Dare Law
email:

Attorney for United States Trustee (LA)

Christopher D. Crowell
email:

Attorney for Citibank, N.A.

Samuel Price
email:

Courtesy NEF

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 2393 Venus Drive, Los Angeles, California 90046.

On May 16, 2023, I caused to be served the foregoing document described as:

**PROPOSED REVISIONS TO STIPULATION BETWEEN TRUSTEE AND PRAVATI CREDIT FUND III LP FOR ALLOWANCE OF CLAIM AND PAYMENT OF THE ESTATE'S ADMINISTRATIVE FEES AND EXPENSES AND UNSECURED CLAIM FROM COLLATERAL SOURCE**

on the interested parties in this action as follows:

()    the original

(x)    a true copy addressed and delivered as follows:

**SEE ATTACHED SERVICE LIST**

()    **VIA MAIL** as follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

(X)    **BY ELECTRONIC SERVICE:**  I served the above documents on the parties of this case on attached service list by electronic mail.

()    **BY PERSONAL SERVICE.**  I caused to be delivered such envelope(s) by hand to the offices of the addressee(s).

( )    **BY FACSIMILE.**  I caused such document(s) to be telephonically transmitted to the offices of the addressee(s)

( )    **BY OVERNIGHT MAIL.**  I placed true and correct copies of said document(s) in sealed envelopes addressed as stated on the attached service list and caused such envelopes to be sent by overnight mail via Federal Express or other such overnight delivery.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 16, 2023, at Los Angeles, California.


                        /S/ Juanita Nanai
                        Juanita Nanai

---

1

## SERVICE LIST

| Attorneys: | Representing: |
|---|---|
| Aram Ordubegian<br>Email address: aram@arentfox.com | Pravati Credit Fund III, LP |
| Michael Brown<br>Email address: mbrown@hrhlaw.com | Pravati Credit Fund III, LP |
| Timothy J. Yoo, Esq.<br>Email: TJY@iNBYG.COM or<br>tyy@lnbyg.com | Bankruptcy Trustee for Brian D. Witzer |
| Monica Kim<br>Email address: myk@lnbyg.com | Attorney for Trustee Timothy Yoo |
| Richard T. Baum<br>Email address: rickbaum@hotmail.com | On behalf of interested party Ken Melrose |
| Reem J. Bello<br>Email address: rbello@goeforlaw.com | On behalf of Interested Party Brian D.<br>Witzer |
| Michael Jay Berger<br>Email address:<br>Michael.berger@bankuptcypower.com | On behalf of Interested Party Michael Jay<br>Berger |
| Christopher L. Blank<br>Email address: chris@chrisblanklaw.com | On behalf of Interested Party Louis Jay<br>Arnold |
| Christopher D. Crowell<br>Email address: ccrowell@hrhlaw.com | On behalf of Creditor Citibank N.A. |
| Sheila Esmaili<br>Email address:<br>selaw@bankruptcyhelpla.com | On behalf of Creditor Star Insurance Co. |
| Robert P. Goe<br>Email address: rgoe@goeforlaw.com | On behalf of Interested Party Brian D.<br>Witzer |
| Michael S. Kogan<br>Email address:<br>mkogan@koganlawfirm.com | On behalf of Debtor Law Offices of Brian<br>D. Witzer, Inc. |
| Dare Law<br>Email address: dare.law@usdoj.gov | On behalf of US Trustee |
| Elan S. Levey<br>Email address: elan.levey@usdoj.gov | On behalf of creditor US Small Business<br>Administration |
| David W. Meadows<br>Email address:<br>david@davidmeadowslaw.com | On behalf of Creditor Acosta &<br>Associates, LLC |
| Annie Y. Stoops<br>Email address: annie.stoops@afslaw.com | On behalf of Defendant Pravati Credit<br>Fund III LP |
| US Trustee (LA)<br>Email address:<br>ustpregion16.la.ecf@usdoj.gov | US Trustee |
| Brian D. Walters<br>Email address:<br>bwalters@poolesshaffry.com | On behalf of Creditor Amicus Capital<br>Group, Inc. |

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 2393 Venus Drive, Los Angeles, CA 90046.

On May 17, 2023  I caused to be served the foregoing document described as:

**DECLARATION OF BRIAN D. WITZER**

on the interested parties as follows:

**SEE ATTACHED SERVICE LIST**

()    **VIA MAIL** as follows**:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

(X)    **BY ELECTRONIC SERVICE**: I served the above documents on the parties of this case on attached service list by electronic mail.

( )    **BY PERSONAL SERVICE.** I delivered such envelope(s) by hand to the offices of:

( )    **BY FACSIMILE.** I caused such document(s) to be telephonically transmitted to the offices of the addressee(s)

( )    **BY OVERNIGHT MAIL.** I placed true and correct copies of said document(s) in sealed envelopes addressed as stated on the attached service list and caused such envelopes to be sent by overnight mail via Federal Express or other such overnight delivery.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 17, 2023 at Tampa, Florida .

/s/ Juanita Nanai
Juanita Nanai

1
**PROOF OF SERVICE**

## SERVICE LIST

| Attorneys: | Representing: |
|---|---|
| Aram Ordubegian<br>Email address: aram@arentfox.com | Pravati Credit Fund III, LP |
| Michael Brown<br>Email address: mbrown@hrhlaw.com | Pravati Credit Fund III, LP |
| Timothy J. Yoo, Esq.<br>Email: TJY@iNBYG.COM or<br>tyy@lnbyg.com | Bankruptcy Trustee for Brian D. Witzer |
| Monica Kim<br>Email address: myk@lnbyg.com | Attorney for Trustee Timothy Yoo |
| Richard T. Baum<br>Email address: rickbaum@hotmail.com | On behalf of interested party Ken Melrose |
| Reem J. Bello<br>Email address: rbello@goeforlaw.com | On behalf of Interested Party Brian D. Witzer |
| Michael Jay Berger<br>Email address:<br>Michael.berger@bankuptcypower.com | On behalf of Interested Party Michael Jay Berger |
| Christopher L. Blank<br>Email address: chris@chrisblanklaw.com | On behalf of Interested Party Louis Jay Arnold |
| Christopher D. Crowell<br>Email address: ccrowell@hrhlaw.com | On behalf of Creditor Citibank N.A. |
| Sheila Esmaili<br>Email address:<br>selaw@bankruptcyhelpla.com | On behalf of Creditor Star Insurance Co. |
| Robert P. Goe<br>Email address: rgoe@goeforlaw.com | On behalf of Interested Party Brian D. Witzer |
| Michael S. Kogan<br>Email address:<br>mkogan@koganlawfirm.com | On behalf of Debtor Law Offices of Brian D. Witzer, Inc. |
| Dare Law<br>Email address: dare.law@usdoj.gov | On behalf of US Trustee |
| Elan S. Levey<br>Email address: elan.levey@usdoj.gov | On behalf of creditor US Small Business Administration |
| David W. Meadows<br>Email address:<br>david@davidmeadowslaw.com | On behalf of Creditor Acosta & Associates, LLC |
| Annie Y. Stoops<br>Email address: annie.stoops@afslaw.com | On behalf of Defendant Pravati Credit Fund III LP |
| US Trustee (LA)<br>Email address:<br>ustpregion16.la.ecf@usdoj.gov | US Trustee |
| Brian D. Walters<br>Email address:<br>bwalters@poolesshaffry.com | On behalf of Creditor Amicus Capital Group, Inc. |