MONICA Y. KIM (SBN 180139)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Ave.
Los Angeles, CA 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: MYK@LNBYG.COM

Attorneys for Timothy J. Yoo, Chapter 7 Trustee

**FILED & ENTERED**

**NOV 16 2023**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY sumlin    DEPUTY CLERK

**CHANGES MADE BY COURT**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>LAW OFFICES OF BRIAN D. WITZER, INC.,<br><br>    Debtor. | Case No. 2:21-bk-12517-NB<br><br>Chapter 7<br><br>**ORDER APPROVING COMPROMISE OF CONTROVERSY WITH LEESEM, NEWSTAT & TOOSON LLP PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE [DOC. NO. 717]**<br><br>Date: November 14, 2023<br>Time: 2:00 p.m.<br>Ctrm: 1545 |

A hearing was held on November 14, 2023, at 2:00 p.m., in Courtroom 1545 of the United States Bankruptcy Court (or via ZoomGov), located at 255 E. Temple St., Los Angeles, California, for the Court to consider the *Motion for Order Authorizing Compromise of Controversy with Leesem, Newstat & Tooson LLP Pursuant to Federal Rule of Bankruptcy Procedure 9019* ("Motion") [Doc. No. 717] filed by Timothy J. Yoo, the chapter 7 trustee ("Trustee") for the estate of Law Offices of Brian D. Witzer, Inc. ("Debtor"), to approve, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, the Settlement Agreement

1

1  entered by and between the Trustee, on the one hand, and Leesem, Newstat & Tooson LLP, on
2  the other hand. The Settlement Agreement is attached as **Exhibit A** to the Declaration of
3  Timothy J. Yoo filed in support of the Motion. All appearances made in connection with the
4  Motion are set forth on the record of the Court. All capitalized terms used herein shall have the
5  meanings given in the Motion unless otherwise stated.

6      Upon consideration of the Motion and the terms of the Settlement Agreement, and all
7  papers filed in support of the Motion and Settlement Agreement; no Opposition to the Motion
8  having been filed or received as to the Motion; the statements and arguments of counsel at the
9  hearing on the Motion; the Court having found that the Trustee has exercised his sound business
10 judgment in entering into the Settlement Agreement and that the Settlement Agreement
11 comports with the *A & C Properties* standards and is in the best interests of the Debtor's estate
12 and creditors; and for good cause appearing therefor, **IT IS HEREBY ORDERED AS**
13 **FOLLOWS:**

14     A.    The Motion and the terms of the Settlement Agreement are hereby approved in
15 their entirety.

16     B.    Notwithstanding the foregoing, no finding is made by the Court as to the merits
17 of the Trustee's *quantum meruit* theory.

18     C.    The Trustee is hereby authorized to take or perform all steps or actions necessary
19 to consummate the terms of the Settlement Agreement.

20 //

D. <u>The findings of fact and conclusions of law supporting the entry of this order are set forth in the tentative ruling attached hereto, which this Court adopts as its actual ruling.</u>

IT IS SO ORDERED.

###

Date: November 16, 2023

Neil W. Bason
United States Bankruptcy Judge

United States Bankruptcy Court
Central District of California
Los Angeles
Neil Bason, Presiding
Courtroom 1545 Calendar

| Tuesday, November 14, 2023 | Hearing Room | 1545 |

2:00 PM
**2:21-12517    Law Offices of Brian D. Witzer**                                      **Chapter 7**

   #6.00   Cont'd Status Conference re: Chapter 7 Case
fr. 3/31/21, 4/27/21, 5/11/21, 6/15/21, 6/29/21,
7/6/21, 07/20/21, 07/22/21, 8/17/21, 09/14/21,
9/22/21, 10/26/21, 11/16/21, 11/30/21, 1/18/22,
2/15/22, 2/24/22, 3/15/22, 3/29/22, 4/12/22,
5/10/22, 5/31/22, 6/14/22, 7/8/22, 7/26/22, 8/23/22,
9/6/22, 11/15/22, 12/20/22, 2/21/23, 4/25/23, 6/13/23,
7/19/23, 8/8/23, 9/19/23, 10/17/23

                                  Docket    1

**Tentative Ruling:**

   **Tentative Ruling for 11/14/23:**
Grant the three Rule 9019 Motions filed by the Chapter 7 Trustee, all as set
forth below.  <u>Appearances required.</u>

If you are making an appearance, you may do so (1) in person in the
courtroom, unless the Court has been closed (check the Court's website for
public notices), (2) via ZoomGov video, or (3) via ZoomGov telephone.  For
ZoomGov instructions for <u>all</u> matters on calendar, please see page 1 of the
posted Tentative Rulings.

(1) <u>Current issues</u>
     (a) <u>Chapter 7 Trustee's motion to approve compromise with Sepulveda
Sanchez Law (dkt. 683), Notice of motion (dkt. 684), Trustee's motion to
approve compromise with Law Offices of Kenneth Melrose (dkt. 685), Notice
of motion (dkt. 686), Nathaniel Howard's opposition to Trustee's motions to
approve compromises with Sepulveda Sanchez Law and the Law Offices of
Kenneth Melrose (dkt. 700), Trustee's motion to approve compromise with
Leesem, Newstat & Tooson LLP (dkt. 717), Order granting motion to
disqualify Steven Zelig of Bay Cities Law Group, Inc. as counsel for Nathaniel
Howard (the "Zelig Disqualification Order," dkt. 737)</u>
        Before this Court are three motions brought by the Chapter 7 Trustee
(the "Trustee") to approve compromises between the estate and three law

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
Neil Bason, Presiding
Courtroom 1545 Calendar

Tuesday, November 14, 2023      Hearing Room    1545

2:00 PM
**CONT...**      **Law Offices of Brian D. Witzer**      Chapter 7

firms (collectively, the "Rule 9019 Motions," dkt. 684–86 & 717).  The Rule 9019 Motions seeking approval of settlements between the estate and Sepulveda Sanchez Law ("Sanchez Law") and the Law Offices of Kenneth Melrose ("Melrose Law") are opposed by Nathaniel Howard; Mr. Howard's opposition papers were filed by Steven Zelig.  On 10/24/23, this Court entered an order disqualifying Mr. Zelig from representing Mr. Howard in this bankruptcy case (the "Zelig Disqualification Order," dkt. 737).  Notwithstanding the Zelig Disqualification Order, it is still appropriate for this Court to consider the papers filed by Mr. Zelig on Mr. Howard's behalf, because those papers were filed before Mr. Zelig was disqualified.  Mr. Howard has **not** filed any papers opposing the Trustee's motion for approval of a compromise with Leesem, Newstat & Tooson LLP ("Leesem LLP").

    Debtor is a law firm that was founded by Brian D. Witzer, who was the primary attorney at the firm before he resigned effective as of December 1, 2022.  All three settlements pertain to personal injury lawsuits involving plaintiffs who were at one time represented by Debtor.  After Mr. Witzer resigned from Debtor, Trustee and Mr. Witzer sent plaintiffs correspondence informing them that they were required to retain new counsel.

    In each of the personal injury lawsuits that are the subject of the Rule 9019 Motions, plaintiffs retained new counsel who ultimately achieved favorable results on their behalf.  Trustee asserts that under a *quantum meruit* theory, Debtor's estate is entitled to a portion of the contingency fees owed in connection with those favorable results.  The proposed settlements provide for a division of the contingency attorney fees between Debtor's estate and the successor law firms who achieved the favorable results.  In the proposed settlement with Sanchez Law, the estate will receive $114,140.40 out of a total contingency fee of $295,250.00, *see* dkt. 683 at p. 5; in the proposed settlement with Melrose Law, the estate will receive $37,630.14 out of a total contingency fee of $120,000.00, *see* dkt. 686 at pp. 2–3; and in the proposed settlement with Leesem LLP, the estate will receive $90,000.00 out of a total contingency fee of $211,000.00, *see* dkt. 717 at p. 2–3 (all figures include both attorney fees and expenses).

    In the typical opposition to a Rule 9019 Motion, the opposing party would object to the settlement amount as too low and contend that Trustee had not obtained the best possible deal for the estate.  Here, by contrast, Mr. Howard opposes the Rule 9019 Motions out of a concern that this Court's approval of the settlements will validate the *quantum meruit* theory that

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
Neil Bason, Presiding
**Courtroom 1545 Calendar**

Tuesday, November 14, 2023     Hearing Room    1545

2:00 PM
**CONT...**     **Law Offices of Brian D. Witzer**     **Chapter 7**

Trustee has advanced in support of Trustee's opposition to Mr. Howard's proof of claim. The logical implication of Mr. Howard's argument is not that the settlement amounts are too low, but that the settlement amounts are too high because they are predicated upon a legal theory which Mr. Howard disputes.

Mr. Howard's concerns are easily assuaged. In approving the settlements, this Court makes no determination as to the merits of Trustee's *quantum meruit* theory. In determining the fairness, reasonableness, and adequacy of a proposed settlement under Bankruptcy Rule 9019(a) (Fed. R. Bankr. P.), this Court must consider:

> (a) the probability of success in litigation;
> (b) the difficulties, if any, to be encountered in the matter of collection;
> (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
> (d) the paramount interest of the creditors and a proper deference to their reasonable views on the premises.

[*In re A&C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986)].

"Each factor need not be treated in a vacuum; rather, the factors should be considered as a whole to determine whether the settlement compares favorably with the expected rewards of litigation." *In re Western Funding Inc.,* 550 B.R. 841, 851 (9th Cir. BAP 2016). "[C]ompromises are favored in bankruptcy, and the decision of the bankruptcy judge to approve or disapprove the compromise of the parties rests in the sound discretion of the bankruptcy judge." *In re Sassalos*, 160 B.R. 646, 653 (D. Or. 1993). In approving a settlement, the Court must "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *In re W.T. Grant Co.,* 699 F.2d 599, 608 (2d Cir. 1983) (internal quotation marks omitted).

Contrary to Mr. Howard's fears, approval of the settlements does not amount to a finding that Trustee's *quantum meruit* theory is valid; nor does approval prevent Mr. Howard from objecting to Trustee's theory in future litigation regarding the allowability of Mr. Howard's proof of claim. Instead, approval means only that this Court has determined that on the whole, the settlements are beneficial to the estate and do not "fall[] below the lowest point in the range of reasonableness," *In re W.T. Grant Co.,* 699 F.2d 599,

United States Bankruptcy Court
Central District of California
Los Angeles
Neil Bason, Presiding
Courtroom 1545 Calendar

| Tuesday, November 14, 2023 | Hearing Room | 1545 |
|---|---|---|

2:00 PM
**CONT...**     **Law Offices of Brian D. Witzer**     **Chapter 7**
608.

The tentative ruling is that the proposed settlements easily satisfy that standard. The settlements will result in a substantial cash infusion into the estate and will avoid costly litigation. For these reasons, the tentative ruling is to overrule Mr. Howard's opposition and to approve the settlements. Once again, to be very clear, this ruling in no way constitutes a finding as to the merits of Trustee's *quantum meruit* theory and does not preclude Mr. Howard from challenging that theory in litigation regarding the allowability of his proof of claim.

<u>Proposed orders on Rule 9019 Motions:</u> Unless otherwise ordered, Trustee is directed to lodge proposed orders granting the Rule 9019 Motions via LOU within 7 days after the hearing date (per LBR 9021-1(b)(1)(B)) and attach a copy of this tentative ruling, thereby incorporating it as this Court's actual ruling.

(b) <u>Trustee's motion/objection to Mr. Howard's claim (the "Howard Claim Objection," dkt. 655), Scheduling Order on Howard Claim Objection (dkt. 701), Mr. Howard's Motion for Partial Summary Judgement (the "Howard MSJ," dkt. 675, 676), Scheduling Order on Howard MSJ (dkt. 702), Status Reports of Mr. Howard (dkt. 654, 659, 696) and Trustee (dkt. 653, 673)</u>
On 9/26/23, this Court entered (x) an order staying the Howard Claim Objection pending further order of the Court, *see* dkt. 701 and (y) an order staying the Howard MSJ pending further order of the Court, *see* dkt. 702.
There is no tentative ruling but the parties should be prepared to address the current status of this matter, and whether this Court should set any briefing schedules, any hearings, or any other procedures.

(2) <u>Dates/procedures</u>. This case was filed on 3/29/21 and converted from chapter 11 to chapter 7 on 12/19/22 (dkt. 576).
    (a) <u>Continued status conference</u>: The date of a continued status conference will be determined based upon update to be provided by the parties with respect to the Howard Claim Objection and the Howard MSJ.

**[PRIOR TENTATIVE RULINGS OMITTED]**

| Party Information |
|---|